State of Arkansas vs. Prescott.

---

## STATE OF ARKANSAS VS. PRESCOTT.

CRIMINAL LAW: *Presumption of innocence.*

The fact that a county judge erred in granting a liquor license, after a majority of the electors of the township had voted against license at an election held for the purpose of determining whether such license should be granted or not, did not raise the presumption that he had acted corruptly. It was incumbent on the State to show from other facts and circumstances, in connection with his errors, that he acted corruptly.

APPEAL from *Nevada* Circuit Court.

Hon. JAMES K. YOUNG, Circuit Judge.

*Att'y Gen'l Hughes*, for State.

ENGLISH, CH. J.:

On the 22d May, 1875, Wm. H. Prescott was indicted in the Nevada Circuit Court for malfeasance in office as judge of the County Court.

The indictment charged in substance:

That on the 3d day of November, 1874, the same being on Tuesday after the first Monday in November in said year, an election was held in Missouri Township in said County of Nevada, at which election there was submitted to the qualified electors of said township, the question whether license should be granted by the County Court of said county to any person to keep a drinking saloon, or dramshop for the sale of ardent, vinous or fermented liquors in quantities less than one quart, in accordance with the provisions of the statute in such case made and provided. That the returns of the election were sealed up, and forwarded to the the county clerk. That afterwards, at the January term, 1875, of the County Court (which term was held more than ten days after said election) said election returns were laid before the court by the clerk, according to the statute, etc. That by the returns, it appeared that a majority of the votes cast at said election were cast against license. That defendant (Prescott) afterwards, on the 5th of January, 1875, a day of said term, being acting and presiding as judge of said County Court, wholly disregarding his solemn oath of office as such judge, wickedly and unlawfully did grant a license to William B. White and Eugene E. White to keep a drinking saloon or dramshop, by then and there, as such judge, while presiding as such, at said term of said court, having an order entered upon the records of said court, granting to said William B. White and Eugene E.

White, under the style of W. B. & E. E. White a license to sell liquors in quantities less than a quart, in said Missouri Township, etc., the said defendant then and there well knowing that a majority of the votes cast as aforesaid, in said township, were cast against license, contrary to the form of the statute, etc.

The defendant pleaded not guilty, and was tried upon an agreed statement of facts, in substance as follows:

That on the 3d November, 1874, it being Tuesday after the first Monday in November of that year, an election was held in Missouri Township, Nevada County, at which was submitted to the qualified electors of said township the question whether license should be granted by the County Court, etc., to keep drinking saloons, or dramshops, according to the provisions of the statute, etc., but that no proclamation was made by the sheriff of said county of said election. That the returns of said election were sealed up and forwarded to the county clerk, etc., and afterwards, at the January term of the County Court, etc., said returns were by said clerk laid before said court, from which returns it appeared that the majority of said votes were cast "against license." That defendant was the presiding judge of said court at said term, and during said term, on the 5th January, 1875, upon the motion of Edward A. Warren, Esq., an attorney of the court, and the testimony of J. V. Hulse, then the sheriff of said county, adjudged said election to be void, upon the grounds, as he declared, that no proclamation of said election had been made by the sheriff as required by law; and that on the same day, upon the application of W. B. & E. E. White, accompanied with a petition of a majority of the electors of said township, and a bond for $2,000, as required by law, presented, filed and insisted on by said Warren, said defendant, as such judge, made an order granting license to keep a dramshop in said township to said Wm. B. White and Eugene E. White,

State of Arkansas vs. Prescott.

under their style of W. B. & E. E. White; and that said Warren, at the time insisted before said judge, presiding in said court, as a further ground for declaring said election void, that the judges of said election announced upon the opening of the polls, that all votes for license should be blanks, and those against license should have written upon them " against license."

The court on the motion of the prosecuting attorney, gave one instruction to the jury, and four at the instance of the defendant, to the third of which the State objected, and which is as follows:

"In arriving at the intention of defendant, the jury will not infer or persume any wrong, illegal or wicked intention from the mere fact that said order was illegal; and unless the jury find from other facts or circumstances in proof that the defendant was, beyond a reasonable doubt, moved and instigated to the rendition of said order by some corrupt, wicked, or unlawful motive or purpose, with a full knowledge and belief that said order was contrary to law, they will acquit."

The jury rendered a verdict of acquittal, the State moved for a new trial, on the' grounds that the verdict was contrary to law and evidence, and the court erred in giving the third instruction asked for defendant. The motion was overruled, and the State excepted and appealed.

The only point made for the State, is that the court below erred in giving the third instruction moved for appellee.

The attorney general has referred us to sec. 1460, Gantt's Digest, as the law under which the indictment was preferred.

It is section 26 of the Act of April 3d, 1873, establishing Boards of Supervisors, and substituting them for the County Courts, which section provides that:

"Any Board of Supervisors, or any supervisor or clerk of said board, who shall willfully violate any of the provisions of this act, or neglect or refuse to perform any duty herein specified, shall be deemed guilty of a misdemeaner, and upon conviction

thereof, in a court of competent jurisdiction, shall be subject to a fine of not less than ten dollars nor more than one hundred dollars, and shall be removed from office."

The act, among other things, gave the boards jurisdiction to grant peddlers, grocery, ferry, and other license provided for by law, and such other powers and jurisdiction as was then vested by law in the County Courts, etc. Sec. 15. See also Gantt's Digest, chap. 17.

License to keep a grocery or dramshop for the retail or vinous or ardent spirits in quantities less than one quart, was then authorized to be granted on a petition of the applicant, signed by a majority of the resident voters of the political township in which the grocery or dramshop was proposed to be established. Gantt's Digest, chapter 129 and notes.

But by Act of May the 30th, 1874, the law was changed, and the question of granting such licenses was to be annually submitted, to the qualified electors of each township, ward of a city, etc., on Tuesday after the first Monday of November in each year, and it was made unlawful for the Boards of Supervisors to grant such licenses if voted against by a majority of the electors, etc.

By the Constitution of 1874, County Courts were re-established in the place of Boards of Supervisors. Schedule, sec. 23. Art. 7, sec. 28, etc.

Conceding that the appellee erred in declaring the election void because not proclaimed by the sheriff, and in granting a license upon the petition of a majority of the electors of the township, under a law not in force, it does not necessarily follow that he acted corruptly in the matter. The jury were not warranted in inferring corrupt motives from the fact that appellee erred, but it was incumbent on the State to show by other facts and circumstances, in connection with his errors, that he erred

willfully from corrupt motives. And such was the substance of the instruction of the court complained of by the State. 1 Bishop on Criminal Law, sec. 299, and cases cited in note. *Welsh* v. *Loyd*, 5 Ark., 370.

Judgment affirmed.