## CASEY V. STATE.

Decided May 31, 1890.

*Non-feasance—County judge—Sufficiency of indictment.*

> Where an indictment simply charged a neglect by a county judge to perform a duty enjoined by a statute which provided that any county judge "who shall willfully violate any of the provisions of this act, or neglect or refuse to perform any duty herein imposed, shall be guilty of a misdemeanor" (Mansf. Dig., sec. 1746), the indictment is defective for failure to allege that the neglect was willful.

APPEAL from *Logan* Circuit Court.

H. F. THOMASON, Judge.

*J. H. Evans* for appellant.

The indictment should have been quashed; it does not charge appellant with *corruptly* or *willfully* allowing the claim without the affidavit required by law. A judge of a court cannot be convicted for any erroneous or wrong decision, unless he *corruptly* decides a matter. 36 Ark., 268. Appellant was merely judge of a court of superior jurisdiction. Const., art. 7, sec. 28; Mansf. Dig., secs. 1407, 1412. The allowance of the claim was a judicial act of court of superior jurisdiction. 38 Ark., 150. He is not liable unless he acted corruptly. 31 Ark., 39.

The statute uses the word "willfully" and the indictment does not follow the statute. Sec. 1746, Mansf. Dig.

*W. E. Atkinson*, Attorney General, and *T. D. Crawford* for appellee.

The intention of sec. 1746 was to provide that, as to those duties requiring the exercise of discretion, the county judge should be punishable for their *"willful"* violation. Perhaps "willful" and "corrupt" are synonymous terms, as suggested by appellant. As to those duties which admitted of the exercise of no discretion, the act intended to make the officers responsible for any neglect or refusal to perform them. It is not necessary that the neglect or refusal be corrupt or "willful." There is nothing in the language of the section which indicates that the term "willful" was intended to qualify the phrase "neglect or refuse." To give it such an effect would be to nullify the force and effect of the latter clause entirely, since there can be no willful neglect or refusal to perform a duty enjoined by that act which would not also be a willful violation of the provisions of the act. It is a well-settled rule of law to so construe an act so as to give effect to all of its provisions. *Railway v. Clifton*, 38 Ark., 205; *Railway v. Howell*, 31 Ark., 119; Endlich, Interpretation of Statutes, sec. 265.

In this case, the law required of the county judge the performance of a mandatory duty, ministerial in its nature, and vested no discretion in him. It was supposed to be a safeguard against the allowance of an improper claim. Defendant neglected to perform the duty, and asks that it be overlooked as an oversight. By such an oversight the revenues of the county might have been squandered. It is not for the court to judge of the expediency of legislation. But, if it were so, many good reasons might be given for the existence of the section quoted.

COCKRILL, C. J. The appellant, a county judge, was convicted of non-feasance in office for allowing against the county a claim to which no affidavit was attached. The statute requires an affidavit, and a section of the same act provides that: "Any judge of the county court, or clerk of

said court, who shall willfully violate any of the provisions of this act, or neglect or refuse to perform any duty herein imposed, shall be deemed guilty of a misdemeanor, and upon conviction thereof in a court of competent jurisdiction, shall be subject to a fine of not less than ten nor more than one thousand dollars, and shall be removed from office.'' Mansf. Dig., sec. 1746.

Non-feasance—
County judge—
Sufficiency of in-
dictment.
The indictment charges only that the act was negligently done. It does not even follow the language of the statute and charge that the act was done willfully. But the act done by the judge is a violation of a positive provision of the law, and, by the terms of the section quoted, it must have been willfully done to constitute a criminal offense. It was misfeasance and not non-feasance in office. It was not a total neglect to perform a prescribed duty, but a lawful act done in an improper manner, that is, upon insufficient evidence.

But conceding that the charge was made under the second provision of the act directed against a neglect to perform a duty, the same objection lies to the indictment. Nothing less than a charge in the language of the statute, that is, that the neglect was willful, can answer. It is not probable that the legislature intended to make a violation of a positive provision of the law criminal, only when the act is willful, but to punish a casual and unintentional omission to do the act in a proper manner. See *State v. Prescott*, 31 Ark., 39. Neither the reason of the thing nor the grammatical construction of the language employed requires that ''willfully'' as used in the statute should qualify ''violate'' only. No case should be brought within a penal statute unless completely within its words, and every reasonable doubt about the meaning of the language should be resolved in favor of the accused.

Reverse the judgment, and remand the cause for further proceedings.