BROMLEY *v.* STATE.

Opinion delivered November 11, 1918.

JUDGES—NONFEASANCE.—Under Kirby's Dig., § 1874, providing that any judge of the county court or clerk of said court "who shall willfully violate any of the provisions of law creating such court or who shall neglect or refuse to perform any duty imposed upon them or either of them by law shall be deemed guilty of a misdemeanor," etc., a county judge can not be convicted for a mere negligent performance of his duty in allowing an account against the county.

Appeal from Searcy Circuit Court; *Jno. I. Worthington,* Judge; reversed.

*Bratton & Bratton* and *Mills & Barr,* for appellant.
The court erred in its instructions to the jury. Penal statutes are strictly construed. The proof at most, only shows negligence, but under our statute the act must be *wilfully* done. Kirby's Dig., § 1874; 53 Ark. 334-336.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

Confess error, citing Kirby's Digest, § 1874, and 53 Ark. 334.

WOOD, J. The appellant was county judge of Searcy County. He was indicted for misfeasance in office. The indictment (omitting formal portions) charged that appellant "unlawfully, wilfully, negligently, wickedly and corruptly did, by an order entered upon the records of the proceedings of the county court of said county, allow and adjudge against said county a certain amount, claim and demand in favor of E. W. Wood," etc.

The appellant was indicted under section 1874 of Kirby's Digest, which is as follows: "Any judge of the county court, or clerk of said court, who shall wilfully violate any of the provisions of law creating such court and prescribing its duties, or who shall neglect or refuse to perform any duty imposed upon them, or either of them by law, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be subject to a fine of not less than $10 nor more than $1,000, and shall be removed from office."

The testimony adduced on behalf of the State, at most, only tended to show that the appellant negligently allowed an account against the county in a greater sum perhaps, than should have been allowed.

After the testimony was adduced, the appellant, among other instructions asked the following: "It is charged in the indictment that the act for which the defendant is indicted and on trial, was done unlawfully, wilfully, negligently, wickedly and corruptly, and you are instructed that they are material allegations and must be proved beyond a reasonable doubt, and unless you find that they are so established, you must acquit the defendant." The court refused this prayer, but instructed the jury that they might find appellant guilty if they found the act for which he was charged was done either unlawfully, wilfully, negligently, wickedly or corruptly.

The appellant excepted to the ruling of the court, and this is the only question presented on this appeal.

The Attorney General confesses that the court erred in its ruling and the confession is well taken. The jury was not authorized under the law of the above statute to find the appellant guilty unless they found that the act charged was wilfully done. *Casey* v. *State,* 53 Ark. 334-336.

For the error indicated the judgment is reversed and the cause is remanded with directions to restore appellant to office and for a new trial.