SHARPENSTEEN, *et al. v.* STATE.

4751                                                            261 S. W. 2d 537

Opinion delivered October 26, 1953.

520

*A. L. Smith,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

J. SEABORN HOLT, J. On a jury trial, appellants were found guilty of violating the provisions of § 67-717, Ark. Stats., 1947 (Acts 1943, No. 232, § 1, p. 486), which provides:

"It shall be unlawful for any person in this State to secure any goods, wares, and merchandise, credit, or anything of value by means of a check or draft drawn upon any bank or institution outside of the State of Arkansas when said check or draft shall be dishonored or payment refused on account of the giver of such draft or check not having sufficient funds on deposit in said bank to pay said check or draft".

Section 67-718: "Any person found guilty of a violation of § 1 (67-717) . . . shall be considered to have obtained such goods, wares, and merchandise, credit or other thing of value by means of false representations made in this State, and if the value of

such goods, wares, and merchandise, credit or other thing of value . . . shall exceed the sum of $25.00, then such person shall be guilty of a felony and upon conviction shall be punished by a term of not less than 6 months and not more than 2 years in the State penitentiary."

Each was adjudged to serve a term in the Arkansas State Penitentiary. This appeal followed.

For reversal, appellants stoutly contend that the undisputed testimony shows that they were guilty of no criminal offense under the above statute and that the trial court erred in refusing their request for an instructed verdict of not guilty at the close of all of the evidence. We have reached the conclusion that appellants were correct in this contention.

It appears that we have not heretofore had occasion to construe the act here in question. Our rule relating to the construction of statutes is well settled. "It is a rule never to be departed from that criminal statutes must be strictly construed. The rule is founded alike upon policy as well as humanity, designed for the protection of the citizen; unless he is clearly charged and proved guilty of a positive enactment of law, he cannot be punished." *Hughes* v. *State,* 6 Ark. 134.

In *Stout* v. *State,* 43 Ark. 415, this language was used: "Penal statutes in declaring what acts shall constitute an offense, and in prescribing punishment to be inflicted, are to be construed rigorously. The general words shall be restrained for the benefit of him against whom the penalty is inflicted. The case of an offender must fall within the words and the mischief to be remedied."

In *Casey* v. *State,* 53 Ark. 336, 14 S. W. 90, Chief Justice Cockrill said: "No case should be brought within a penal statute unless completely within its words, and every reasonable doubt about the meaning of the language should be resolved in favor of the accused."

Appellants had been engaged for several years in buying and selling chickens on a rather large scale, in

Siloam Springs, Ark. They carried a bank account in the Delaware County Bank of nearby Jay, Okla. In early October, 1952, appellants purchased 6,500 pounds of chickens at twenty-seven cents per pound from Bob Edwards in Jane, Mo., which is about two miles north of the Arkansas line. The chickens were delivered by Edwards to appellants on the same day of purchase and carried away by them in their truck. Edwards was told to call for his "pay" in two or three days and he testified that some three or four days later, he went to appellants' place of business in Siloam Springs and received their check drawn on the above bank in Jay, Okla., for the chickens, in the amount of $1,755.00. The check was dated October 10th and Edwards was told not to present it to the bank for payment until the following Monday, October 13th, at which time there would be sufficient funds on deposit to cover it. The record discloses that there were sufficient funds to cover the check on the 13th, 14th, 15th, and 16th of October. However, when the check was presented for payment a day or so after the 16th, payment was refused because of "insufficient funds" and the check had not been paid up to the date of trial.

Under the plain terms of the above statute, violation would occur when "any person" secures "in this State . . . any goods, wares, and merchandise, credit or anything of value by means of a check," etc. Obviously, on the facts here, appellants had bought and received the chickens in Missouri three or four days before they delivered their check to Edwards in Arkansas. By delivering this check to Edwards, appellants secured nothing in Arkansas in addition to the chickens which they already had, which had been purchased in Missouri, and there delivered to them a few days before. This sale and delivery in Missouri constituted, in effect, an open account.

Accordingly, the judgment is reversed and the cause dismissed.