GORDON *v.* STATE.

5010                                        343 S. W. 2d 780

Opinion delivered March 13, 1961.

*Donald Poe,* for appellant.

*J. Frank Holt,* Attorney General, by *Sam H. Boyce,* Asst. Attorney General, for appellee.

SAM ROBINSON, Associate Justice. Appellant, John M. Gordon, who was at the time County Judge of Polk County, was convicted, fined $200 and removed from office on a charge that he paid an excessive price for two road grader tires, in violation of Ark. Stats., § 17-706.

We reach only one question, and that is whether the evidence is sufficient to sustain the verdict. Our conclusion is that it is not sufficient. The evidence shows that Judge Gordon bought from Murry Johnson Service Station two Pennsylvania "Nylon Patrol" tires for $235 each. The State introduced evidence to the effect that the

County could have bought other tires of an equal grade and quality for $175.69, and could have bought tires of like quality, only in 16-ply instead of 12-ply, for $193.77. It does not appear, however, that any tire dealer ever gave Gordon information that the tires could be bought for less than the County was paying for them. Of course, the amount paid to Johnson was a matter of public record, and anyone could easily ascertain just what the County was paying for tires.

Even if, as contended by the State, Ark. Stats., § 17-706 makes it unlawful to pay more than the customary price for materials furnished, there is no showing that appellant paid more than the customary price for the tires. In fact, there does not appear to be such a thing as a regular or customary fixed price in the tire business. All kinds of price lists are put out by the tire companies. There is a "suggested price list" published by one tire company that shows a price of $367.75 each for tires like the ones in issue (Judge Gordon paid $235 each for the tires). Then there is another price list, published by the same company, that prices the same tire at $297.85. This is called the "code price". There is still another listing of the same tire in what is called the "confidential net State prices." This list gives a price of $175.59. Another State's witness who is a tire dealer testified that he had various price lists — one list showing a price of $193.77; another, $344.24; and still another list showing a price of $424.00 — all on the same tire. In speaking of the various price lists, the witness testified: "You have to be in the tire business to know exactly what that means. I couldn't tell you so that you could understand it."

It appears that this prosecution came about by the fact that Judge Gordon paid $235 for tires that perhaps could have been bought for $175 if he had been sufficiently skillful in bargaining to have obtained tires at that price. It seems that this was the "confidential State price", but Johnson, from whom appellant purchased the tires, testified that he never saw the "confidential State price list" and that he would not sell tires

at that price; that if the tires were sold at that price the dealer would make only 5% and that he could not stay in business by making a gross profit of only 5%. The price list which the undisputed evidence shows that Judge Gordon saw showed the price of the tires that he bought to be $384.45. He bought the tires for $235, which certainly appears to be cheap for the tires based on a regular price of $384.45.

In *State* v. *Prescott,* 31 Ark. 39, the county judge was charged with unlawfully granting a license to operate a saloon. This Court said: ''The jury were not warranted in inferring corrupt motives from the fact that appellee erred, but it was incumbent on the State to show by other facts and circumstances in connection with his errors, that he erred willfully with corrupt motives.''

In *Casey* v. *State,* 53 Ark. 334, 14 S. W. 90, a county judge was convicted for nonfeasance in office for allowing a county claim to which no affidavit was attached. In reversing the judgment this Court said it was not probable that the legislature intended to punish a casual and unintended omission to do the act in a proper manner, and in *Bromley* v. *State,* 136 Ark. 270, 206 S. W. 436, the county judge was convicted of misfeasance in office. The Court said: ''The testimony adduced on behalf of the State, at most, only tended to show that the appellant negligently allowed an account against the county in a greater sum perhaps, than should have been allowed. . . . The jury was not authorized under the law of the above statute to find the appellant guilty unless they found that the act charged was willfully done.''

We think the rule applied in the above cases should control in the case at bar, that is to say, that before a conviction can be sustained on a charge of violating Ark. Stats., § 17-706, there must be some showing of a willful violation of the statute inferring corrupt motives. There is not a scintilla of evidence in the case at bar indicating willful violation of the statute or corrupt motives. The

judgment is therefore reversed and the cause is dismissed.