In re Bernard PORTER, Jr. and Judy Porter, Bankrupts.

Bernard PORTER, Jr. and Judy Porter, Plaintiffs,

v.

Tommy GASTON d/b/a Gaston Lumber Company et al., Defendants.

No. LR–78–36/37–B.

United States District Court,
E. D. Arkansas, W. D.

Dec. 29, 1978.

Jack Sims, Little Rock, Ark., for plaintiffs.

Frank W. Wynne, Fordyce, Ark., for defendants.

ARNOLD, District Judge.

## MEMORANDUM OPINION

Appellants in this bankruptcy appeal filed their voluntary petition on January 24, 1978, and an adversary complaint on February 1. Named as defendants were the two payees on two checks made by one of the debtors, the Sheriff of Conway County, and the prosecuting attorneys for Dallas and Van Buren Counties. An order was requested restraining the defendants from prosecuting the debtors under Arkansas's hot check law, *Ark.Stat.Ann.* Sections 67–717 & 718. Following a hearing, the Bankruptcy Court issued an order dismissing the complaint on the ground that the debtors had adequate remedies at law—either by defending the criminal charges or suing in federal court for damages for violation of their Fourteenth Amendment rights.

The debtors then perfected this appeal to District Court and applied to the Bankruptcy Court for a stay of the Dallas County prosecution pending appeal. The Bankruptcy Court denied the application, holding that it had no jurisdiction to enjoin state officers and prosecuting witnesses in criminal prosecutions. The debtor then filed a motion for stay pending appeal in this Court. On April 25, 1978, following a hearing which the defendants did not attend, this Court issued a preliminary injunction against the prosecution. This Court must now decide whether the injunction should be made permanent.

From the pleadings it appears that Bernard Porter, Jr. purchased lumber from the Garland Gaston Lumber Company and was billed for the purchase price. One month later, Mr. Porter mailed a $3500.00 check in payment drawn on a Morrilton bank, but it was returned for insufficient funds. The debtor alleges that the lumber was purchased on an open account. The defendants claim that a cash transaction was intended, the lumber company to be paid upon delivery, an allegation the debtor disputes.

The lumber transaction occurred in February and March, 1977. Defendant Frank W. Wynne, Prosecuting Attorney for the Tenth Judicial District of Arkansas, did not file the information until after the bankruptcy petition was filed in January, 1978. The information alleged two counts under *Ark.Stat.Ann.* Sec. 67–718, which reads:

> 67–718. *Penalty for violation.*—Any person who shall be found guilty of a violation of Section 1 [Sec. 67–717] herein by having obtained any goods, wares, or merchandise, credit, or other thing of value in this State and having given in payment therefor or as consideration therefor, a check or draft drawn upon a bank or institution outside of this State and said check or draft has been dishonored or payment refused on account of a total lack of funds or on account of insufficient funds on deposit in said bank or institution to the credit of the maker or drawer of said check or draft to pay said check or draft in full, shall be considered to have obtained such goods, wares, and merchandise, credit or other thing of value by means of false representations made in this State, and if the value of such goods, wares, and merchandise, credit or other thing of value is $25.00 or less, he shall be deemed guilty of a misdemeanor and shall be fined in any sum not less than $50.00 and not more than $100 and may be imprisoned in the county jail for a period of not less than 30 days nor more than 90 days or by both fine and imprisonment. In case the value of such goods, wares, and merchandise, credit or other thing of value shall exceed the sum of

$25.00, then such person shall be guilty of a felony and upon conviction shall be punished by a term of not less than 6 months and not more than 2 years in the State penitentiary. [Acts 1943, No. 232, Sec. 2, p. 486.]

The debtor alleges that this prosecution is brought in bad faith, solely for the purpose of collecting a debt dischargeable in bankruptcy, and thus should be enjoined under Bankruptcy Rule 401. His argument is two-fold. First, the information was not filed until after filing of the petition in bankruptcy on January 24, 1978, almost a year after the lumber transaction. One of the creditors listed in the petition was Tommy Gaston d/b/a Gaston Lumber Company. The Bankruptcy Court's notice and stay order were entered and mailed to all creditors on January 31, 1978. Sometime thereafter, Gaston had the debtor arrested and Wynne filed the information against him. Hence, the debtor claims that the criminal prosecution is a direct response to his bankruptcy petition. Second, the debtor claims that his innocence is beyond question and that Prosecutor Wynne knows it. Cases interpreting Arkansas's hot-check statutes indicate that checks drawn on insufficient funds for purchases on open accounts, where there is no simultaneous exchange of check for goods purchased, are not proscribed by the statutes. *Sharpensteen v. State*, 222 Ark. 519, 261 S.W.2d 537 (1953); *Edens v. State*, 235 Ark. 284, 357 S.W.2d 641 (1962). The debtor argues that he is being prosecuted for the sole purpose of intimidating him into paying the debt to Gaston Lumber Company, a debt dischargeable in bankruptcy.

Another obvious defect in the information filed by Wynne, which none of the parties appears to have noticed, is that *Ark. Stat.Ann.* Sec. 67–718 applies only to checks drawn on banks located "outside of this State." The bank involved here is located in Morrilton, Arkansas. It should be noted, however, that a similar statute exists that places no limitation on the location of the bank, *Ark.Stat.Ann.* Sec. 67–720. This Court assumes that it would be simple for the prosecutor to amend the information to allege a violation of this statute if he wished to do so.

■ Based upon these facts, and the inferences that can be drawn from them, this Court is asked to enjoin the criminal prosecution. The discretion of a federal court to interfere with an ongoing state criminal prosecution is severely limited by principles of federalism and comity. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

> Where, as here, the injunction is designed to control a state law enforcement officer in the performance of his state-mandated duties, the burden on one seeking such injunction is heavy.

*Munson v. Gilliam*, 543 F.2d 48, 52 (8th Cir. 1976). It is clear that the Court is not at liberty to step in upon the bare assertion that criminal prosecution, in and of itself, will cause irreparable harm to the debtor. The Eighth Circuit addressed that issue in *Munson* as follows:

> The District Court erroneously viewed the possible criminal prosecution of Gilliam, in and of itself, as constituting irreparable harm. That conclusion necessarily rests upon an assumption that Gilliam would not be given a reasonable and adequate opportunity to vindicate constitutional rights in an Arkansas state court. As above stated, the presumption is directly to the contrary. No evidence of record raises the smallest doubt of the capacity of the Arkansas state courts to adequately protect Gilliam's constitutional rights. The mere prospect of facing criminal prosecution is not *per se* irreparable injury.

*Munson v. Gilliam*, 543 F.2d at 54.

■ In the case at bar, the current record before this Court provides no reason to doubt that the debtor will be given the opportunity to defend vigorously in state court. There is no reason to believe that the state court will ignore or fail to recognize any legitimate defenses he raises. If the debtor's interpretation of Arkansas law is correct and he can show that this prosecution was brought improvidently, then

 

there is no reason to believe that the state court will not respond favorably. The rights he seeks to vindicate in this Court may be vindicated in state court, without unnecessary interference by a federal tribunal.

The debtor relies greatly upon *In Re Penny*, 414 F.Supp. 1113 (W.D.N.C.1976), in which the Court enjoined a state criminal prosecution of a debtor on a bad check charge. There, the debtor had been tried and convicted. The District Court noted several facts indicating bad faith: The debtor received a prison sentence to be suspended on payment of the debt; he was prosecuted in criminal court by a lawyer privately retained by the payee of the bad check; and neither the District Attorney nor a representative of the North Carolina Attorney General's office appeared at the hearing on the motion to stay. Instead, the State again was represented by the lawyer privately retained by the payee. Based upon these facts, the Court was convinced that the criminal proceedings were brought merely to collect the debt.

Similarly persuasive facts have not been proved in the case at bar. Concededly, this Court cannot condone state court actions which are shown to frustrate the jurisdiction of the Bankruptcy Court. But neither will it interfere with state court prosecutions unless the heavy burden of proof required by *Younger v. Harris, supra*, and its progeny, is met. The debtor has not proved bad faith; the evidence of harassment falls far short. There is no showing that the debtor will suffer irreparable injury if the prosecution is allowed to proceed. *Munson v. Gilliam*, 543 F.2d 48 (8th Cir. 1976). Based upon the facts before this Court, the necessary showing of interference with the jurisdiction of the Bankruptcy Court has not been made.

The preliminary injunction issued April 25, 1978 is dissolved, and the judgment of the Court below is affirmed.