**In re Jorge R. Roman ALMODOVAR and Silvia Vega Colon d/b/a J & J Superette, Debtors.**

**Bankruptcy No. B–83–01312–A.**

United States Bankruptcy Court, D. Puerto Rico.

Dec. 12, 1983.

Charles Cuprill Hernández, Ponce, P.R., for debtors.

Maria L. Contreras, Ponce, P.R., for creditors.

### OPINION AND ORDER

ANTONIO I. HERNANDEZ–RODRI-GUEZ, Bankruptcy Judge.

Upon a hearing held on November 21, 1983 we took under advisement debtors'

application for temporary restraining order and permanent injunction under 11 U.S.C. Section 105(a). In said application debtors request an order specifically staying criminal prosecution proceedings in the state courts for issuance of checks without funds.

After due consideration of the arguments and evidence presented at the hearing, we find as follows:

Prior to the filing of the above captioned voluntary petition, Jorge R. Román Almodovar, on behalf of debtor, issued the following checks: (1) No. 28, dated 7–23–83 drawn against Banco Financiero, Juana Díaz Branch, to payee Coca Cola Bottling Company of P.R., Inc. for $2,370; (2) No. 463, dated 7–8–83, drawn against Banco Popular de Puerto Rico, Villalba Branch, to payee Gerber Products Company of P.R. Inc. for $1,459.98; (3) No. 386, dated 5–12–83, drawn against Banco Popular, same branch as above, to payee Distilería Serrallés, Inc. for $3,355.00 and (4) No. 485, dated 8–4–83, against the same bank as above, to payee Méndez & Company, Inc. for $1,115.00.

On August 5, 1983, Destilería Serrallés, Inc. on August 12, 1983, Gerber Products Company of Puerto Rico, Inc. on August 16, 1983, Méndez & Company, Inc., respectively, sent certified letters to Mr. Román Almodovar on behalf of debtor granting 15 days for the full payment of the above stated checks or in the alternative advising that they would file criminal actions against him for issuing the above mentioned checks with insufficient funds, pursuant to Article 264 of the Puerto Rico Penal Code, 33 LPRA Section 4551.

On August 23, 1983 debtors filed the instant petition under Chapter 11 of the Bankruptcy Code.

On August 30, 1983, Coca-Cola Bottling Company sent a certified letter similar to the ones issued by the other 3 payees granting a similar 15-day term for payment and advising of the alternative of criminal charges.

The above facts reveal that we are faced with three prepetition letters, to wit, the letters sent by Serrallés, Gerber and Méndez and a post-petition letter sent by Coca Cola. We must now determine whether the legal effects of said letters are subject to stay.

*Analysis*

One major exception to the scope of the automatic stay provided by 11 U.S.C. § 362 is contained in subsection 362(b)(1) which does not bar the "commencement or continuation of a criminal action or proceeding against the debtor."

Under the local law of Puerto Rico, the letters sent by creditors herein enjoy a two-fold nature. Said letters are, in the first instance, requests for payment whereby the creditor demands payment in order to interrupt the statute of limitations, *cf.* 31 LPRA 5303, or in order to fix the due date for payment. In this regard the letters are collection efforts made for the only purpose of securing payment or preserving the right to eventually obtain payment.

However, in view of the provisions of the Penal Code of Puerto Rico, these letters also constitute an element of crime typefied in 33 LPRA Section 4552 as the issuance of checks without provision of funds. Puerto Rico Penal Code of 1974, 33 LPRA 4551, *et seq.* In this regard the Penal Code provides that:

> No person shall be punished under section 4552 of this title unless it is proved, to the satisfaction of the Court, that the holder of the check, draft, note or order or his agent, *has notified personally or by registered letter* to the drawer and the endorser, to his last known address to pay to the holder, or to his agent, at the address stated in the notice, the amount of the check, draft, note or order within a term of at least ten days, if the drawer or endorser to whom the notice is sent resides in the municipality of the holder and of at least fifteen days if he resides in a different municipality or outside the Commonwealth of Puerto Rico. Said term shall be counted from the date of notice to the drawer or endorser of the unpaid check, draft, note or order.

33 LPRA 4553 (Emphasis added).

*The pre-petition letters—*

The pre-petition letters are, in addition to a private effort to collect, the initiation of a criminal prosecution in the state courts, inasmuch as the penal laws of Puerto Rico specifically provide that no person shall be punished for that crime unless the prior notice (known as "interpellation") is given to the drawer, *supra.*

Section 4554 of the Penal Code accords evidentiary and *legal* value to said interpellation:

"Nonpayment after said interpellation on the part of the person who has drawn, signed, endorsed or delivered said check, draft, note or order *shall be deemed prima facie evidence as intent to defraud.* 33 LPRA 4554 (Emphasis added).

■ As such a part of a criminal prosecution in the state courts, the acts of the creditors who issued the pre-petition letters are not stayed by the filing of the petition. 11 U.S.C. § 362(b)(1). The legislative history behind the enactment of section 362(b)(1) reveals that Congress excepted criminal proceedings from the automatic stay provided by section 362(a) in order to avoid that the Bankruptcy Courts would be turned into a shelter for criminals. "The Bankruptcy laws are not a haven for criminal offenders but are designed to give relief from financial over-extension."

(House Report No. 95–595, 95th Cong., 1st Sess. 342 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 51–2 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6299.

Our tenure in this bankruptcy bench reveals a trend which cannot be judicially disregarded. If we were to do so, we would contravene the clear letter of the law and the manifested congressional intent behind the enactment of section 362(b)(1). We find that some debtors resort to this Court in order to avoid criminal prosecution after having issued checks with insufficient funds. The bankruptcy code was never intended to be an immunity shelter for criminal conduct.

In the past [1] we have relied in cases such as *In re Caldwell,* 5 B.R. 740 (Bkrtcy.W.D. Va.1980) to inquire whether creditors' efforts, including the collection letters, were directed to enforce payment of a claim by means of threat of criminal prosecution or, in the other hand, if they were actions directed to aid the prosecuting authorities in their duties of protecting society against violation of the criminal laws. Today, we make no such inquiry. We feel that the state courts and prosecuting authorities should be the judges of creditors' real intentions. The vindication of the state's police power is beyond this court's duty. But we should not, and will not, pre-judge the issue to the detriment of the state's authority to punish for violation of criminal laws if it finds the same advisable.

The state courts and prosecutors are quite capable of determining whether a creditor seeks to vindicate the public interest against criminal conduct or is merely trying to advance solely private desires. In so doing we reiterate our position in *In Re Victor Figueroa et al* B–82–00343 (Opinion and Order, June 22, 1982).

In that case we stated:

"(we) have no reason to doubt that debtor will be given every opportunity to defend vigorously in the state courts and to present any and all defenses he may have. There is no reason to believe that said court would ignore any legitimate defenses debtor might present (In a similar vein see, *In re Potter,* 462 F.Supp. 370, 1978). Furthermore, as stated in the Eleventh Circuit case on the subject, should debtor believe that the criminal prosecution is being used as a subterfuge for the collection of the debt, this issue can be raised as a defense in the state criminal proceedings. (*Barnett v. Evans,* 673 F.2d 1250).

Thus, debtor's request for the enjoinment of the criminal prosecutions which might be

---

1. See our opinions in *La Gran Feria Anual de P.R., Inc.,* B–81–00949–A (April 19, 1982) and *Lauriano Bracero Silva, et al.* B–01997–A (June 3, 1983)

instituted by the creditors who issued pre-petition letters of interpellation is denied.

### Post-petition letter

 The post-petition letter sent by Coca-Cola Bottling Company was barred by the automatic stay provision. Since at its inception, as stated above, the letter is a *collection* effort, the fact is that said letter was sent *after* the petition in bankruptcy was filed, and it was barred by section 362(a) of the Code which provides that the filing of the petition operates as a stay of any act "to *collect,* assess or recover a claim against the debtor that arise before the commencement of the case . . ." 11 U.S.C. § 362(a)(6) (Emphasis added).

When the creditors issued their *pre-petition* letters they were not barred from collection efforts which could ultimately lead to the commencement of a criminal prosecution. However, when the *post-petition* letter was sent by Coca-Cola Bottling Company, the automatic stay was already in effect for which reason said creditor could not legally make *any effort* to collect said claim. We must thus conclude, that this post-petition letter is violative of section 362(a). The injunction must therefore, be issued barring Coca-Cola Bottling Co. from any post-petition effort to collect and from pursuing criminal proceedings stemming from such letter.

WHEREFORE, in view of all of the above, it is hereby ORDERED as follows:

1) Debtors' motion for an order staying criminal prosecution proceedings by creditors Distelería Serrallés, Inc., Gerber Products Company of Puerto Rico, Inc., and Méndez and Company, Inc. is DENIED;

2) Debtors' motion for an order staying criminal prosecution proceedings by creditor Coca-Cola Bottling Co. is GRANTED. Thus, the Court permanently enjoins and stays said creditor and any agent or representative acting on its behalf, from continuing or commencing criminal proceedings to collect debts allegedly owed them by the debtors stemming from the check object of this opinion.

SO ORDERED.