The Honorable Bill Walters Senator Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion. In order to effectively state the question it is appropriate to establish a hypothetical set of facts as follows:
 A sells goods to B for $9,500. B pays A $7,000 at the time of delivery and promises to pay the remaining $2,500 later. B then writes a check for the $2,500 which was returned because of insufficient funds. The question then becomes whether B can be prosecuted for violation of the Arkansas Hot Check Law — Ark. Stat. Ann. 67-791, et seq. (Repl. 1979 and Supp. 1985)
This question is controlled by the case of Ridenhour v. State,279 Ark. 240, 650 S.W.2d 575 (1983). In that case, Ridenhour purchased cattle from an auction house. He possession of the cattle and charged the purchases to his open account. He later wrote three checks to cover purchases, all of which were returned for insufficient funds. Later Ridenhour gave the auction house one large check in return for the three dishonored checks. The larger check was also returned for insufficient funds. He was charged and convicted in the trial court of violating the Arkansas Hot Check Law.
On appeal, he argued the one large check was only evidence of a debt for a sale on an open account. The Supreme Court noted that the original hot check statute included "pre-existing debts" as a violation. The phrase was however deleted by the 1977 amendment. The court agreed with Ridenhour that the check was for a pre-existing debt and reversed Ridenhour's conviction.
In analyzing that case the Supreme Court also looked at Sharpensteen v. State, 222 Ark. 519, 261 S.W.2d 537 (1953). There, Sharpensteen purchased some chickens in Missouri, which were delivered to him the next day in Arkansas. A few days later the seller came to Sharpensteen's place of business in Arkansas and picked up a check for the chickens. The check was drawn on a bank in Oklahoma and returned for insufficient funds. The Court found that Sharpensteen had not violated the Arkansas Hot Check Law. The Court stated:
 Obviously, on the facts here, appellants had bought and received the chickens in Missouri three or four days before they delivered their check to Edwards in Arkansas. By delivering this check to Edwards, appellants secured nothing in Arkansas in addition to the chickens which they already had, which had been purchased in Missouri, and there delivered to them a few days before. This sale and delivery in Missouri constituted, in effect, an open account. Sharpensteen v. State, 222 Ark. at 522.
The holding in these two cases is clear: the Arkansas Hot Check Law does not apply in instances where an insufficient check is given to pay a pre-existing indebtedness. The legislature in 1985 amended the Arkansas Hot Check Law but the amendment expressly stated that it would not apply to pre-existing debts. Ark. Stat. Ann. 67-726 — 67-728 (Supp. 1985).
When this law is applied to the hypothetical set of facts outlined above, it becomes clear B cannot be prosecuted under the Hot Check Law. When B took delivery of the goods and promised to pay the balance of the contract price, the balance became a pre-existing debt. Because it was a pre-existing debt, B could not be prosecuted for writing an insufficient check to pay the balance.
This opinion, which I hereby approve, was prepared by Assistant Attorney Attorney General Joel O. Huggins.