In the Matter of JEENS OF PUERTO RICO, INC., Debtor.

**JEENS OF PUERTO RICO, INC.** Alex Rivera, Plaintiff/Movant,

v.

Domingo CARVAJAL, et als. Defendants/Respondents.

Bankruptcy No. B–86–00698(ESL). Adv. No. 86–0173.

United States Bankruptcy Court, D. Puerto Rico.

Jan. 22, 1987.

Armando E. González, San Juan, P.R., for debtor/plaintiff/movant.

Efraín Aponte Berdecía, Hato Rey, P.R., George M. Torres López, San Juan, P.R., Frank D. Inserni, Río Piedras, P.R., J. Ramón Rivera Morales, Jimenez, Graffan & Lausell, San Juan, P.R., for defendants/respondents.

## ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

On October 31, 1986 a Judgment was entered pursuant an Order entered on October 27, 1986, in which the Court denied defendant's motion for sanctions, and dismissed all pending motions in this adversary proceeding, as well as the adversary proceeding itself.

On November 6, 1986, the plaintiff filed a "Motion for Reconsideration and/or Amend Thereof", moving the Court to reconsider the Order entered on October 27, 1986. The debtor-plaintiff alleges that the Court's Order entered on October 27, 1986, dismissed the proceedings based upon information furnished by the parties to the effect that the criminal proccedings pending before the state court had been dismissed. The plaintiff further alleges that, since the government of the Commonwealth of Puerto Rico has filed a Certiorari in the above proceedings (Civil case number CC 86–11, Superior Court of Puerto Rico, San Juan Part); and, since the adversary

proceeding filed herein is an independent action from the criminal proceedings pending before the state court, the Order entered by the Court on October 27, 1986 shall be vacated or amended.

On November 7, 1986, the debtor-plaintiff filed a Motion to Reiterate Order, Preliminary Injunction and Permanent Injunction. We proceed to review the case.

This is a case where state criminal proceedings were initiated prior to the filing of the petition, that is, on April 18, 1986. The debtor alleges that said action is stayed under § 362(a), Title 11, United States Code, hereinafter "U.S.C." because the defendants' purpose is to collect a debt. The defendants allege that the state criminal proceedings are not stayed by 11 U.S.C. § 362(a). Indeed, § 362(b)(1), 11 U.S.C., provides that:

"(b) The filing of a petition under section 301, 302, or 303 of this title [11 U.S.C. § 301, 302, or 303] ... does *not* operate as a stay—

(1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtors; ...". (Emphasis supplied).

*See also, In Re Almodovar*, 35 B.R. 289 (B.C. Puerto Rico 1983); *Matter of Butler*, 45 B.R. 46 (B.C.W.D. Missouri 1984).

In order to determine whether the state criminal proceedings should be stayed under 11 U.S.C. § 362(b)(1), we must refer to the provisions of the Penal Code of Puerto Rico, §§ 4551 et seq., Title 33, Laws of Puerto Rico Annotated, hereinafter "L.P.R.A.".

Section 4553, 33 L.P.R.A. provides that: "No person shall be punished under § 4552 of this title unless it is proved, to the satisfaction of the Court, that the holder of the check, draft, note or order of or his agent, *has notified personally or by registered letter* to the drawer and the endorser, to his last known address to pay to the holder, or to his agent, at the address stated in the notice, the amount of the check, draft, note or order within a term of at least ten days, if the drawer or endorser to whom the notice is

sent resides in the municipality of the holder and of at least fifteen days if he resides in a different municipality or outside the Commonwealth of Puerto Rico. Said term shall be counted from the date of notice to the drawer or endorser of the unpaid check, draft, note or order." (Emphasis supplied).

Section 4554, 33 L.P.R.A. provides that: "Nonpayment after said interpellation [prior notice of collection either personally or by registered mail] on the part of the person who has drawn, signed, endorsed or delivered said check, draft, note or order shall be deemed prima facie evidence as intent to defraud."

In other words, in order to file a criminal proceeding before the state court against a drawer or endorser of a check with insufficient funds, a collection effort *must* be made by the holder of the check to the drawer or endorser, either personally or by registered mail.

In the case at bar, eight complaints were filed before the state court against debtor-plaintiff, and in each one of them a copy of a certified letter by registered mail, and the check object of the complaint, were offered into evidence, as per 33 L.P.R.A. §§ 4553 and 4554. All of these complaints were filed prior to the debtor's petition, to wit:

| Complaint Number | Filed on: |
|---|---|
| 11,064 | December 19, 1985 |
| 1,009 | January 30, 1986 |
| 1,598 (86–772) | February 13, 1986 |
| 1,598 (86–773) | February 13, 1986 |
| 1,598 (86–774) | February 13, 1986 |
| 1,598 (86–775) | February 13, 1986 |
| (without number) | February 26, 1986 |
| 2,333 | March 7, 1986 |

Pursuant to the aforecited provisions (33 L.P.R.A. §§ 4553 and 4554), the defendants herein issued the collection letters, and filed the criminal proceedings against debtor prior to the filing of debtor's petition. Therefore, we find that defendants' pre-petition letters, and the state criminal proceedings filed thereafter, are not stayed by 11 U.S.C. § 362(b)(1). *In Re Almodovar, supra.*

The Court held in *In Re Almodovar, supra* at page 291, that:

"We find that some debtors resort to this Court in order to avoid criminal prosecution after having issued checks with insufficient funds. *The bankruptcy code was never intended to be an immunity shelter for criminal conduct.*" (Emphasis supplied)

*See also,* House Report No. 95–595, 95th Congress, 1st Sess. 342 (1977); Senate Report No. 95–989, 95th Congress, 2d Sess. 51–2 (1978), also reprinted U.S.Code Cong. and Admin.News 1978, pp. 5787, 6299.

For the reasons stated above the Court orders as follows:

(a) Debtor's Motion for Reconsideration and/or Amend Thereof filed on November 6, 1986, is hereby DENIED;

(b) Debtor's Motion to Reiterate Order Preliminary Injunction and Permanent Injunction filed on November 7, 1986, is hereby MOOT. It appears that the hearing object of the requested injunction was scheduled for November 13, 1986 before the state court. Even assuming arguendo that the hearing was not held as scheduled in the state court, the injunction would have been denied, since we already determined that, in this case, the state criminal proceedings filed against the debtor are not stayed by 11 U.S.C. § 362(b)(1).

Parties and trustee are to be notified accordingly.

IT IS SO ORDERED.