The Honorable Larry Jegley Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Jegley:
This is in response to your request for an opinion regarding the "Arkansas Hot Check Law," codified at A.C.A. §§ 5-37-301 to -306, and regarding A.C.A. § 5-37-307, which also governs the prosecution of worthless checks.[1] Specifically, you note that traditionally you do not prosecute cases where a "hot check" is written on an installment sales contract, and you reference A.C.A. § 5-37-307(a) for this proposition. Your specific question refers to "so-called rent-to-own" contracts, such as the "Rent-a-Center" contract you have attached to your request. You note that there is some precedent for construing such contracts as rental contracts rather than as installment sales contracts, citing In re Glenn, 102 B.R. 153 (E.D. Ark. 1989).[2] Your specific question is whether "`rent-to-own' contracts [are] (1) prosecutable rental agreements pursuant to section 5-37-302(1), or (2) non-prosecutable installment sales contracts per 5-37-307(a)."
Unfortunately, your question cannot be answered with a simple "yes" or "no." In each case, it must be determined whether the transaction is an installment sales contract or a true rental agreement. This determination is of relevance in ascertaining whether the check was written in payment of a "pre-existing debt." Checks written to satisfy pre-existing debts are not prosecutable under either A.C.A. § 5-37-302(1) or A.C.A. §5-37-307(a). (See Ridenhour v. State, 279 Ark. 240, 650 S.W.2d 575 (1983) as to the former statute, and the plain language of the latter.) An obligation under an installment sales contract would in all likelihood be one for a pre-existing debt, and thus not prosecutable, but a true rental agreement would more nearly comprise the simultaneous exchange of value which is contemplated under each statute about which you have inquired. Even if an agreement could be termed a "true lease," however, and not an installment sales contract, this fact, in my opinion, may not in all cases translate into a finding that a check written in payment of such an obligation may be prosecuted as a "hot check."
Two factors support this conclusion. In order to prove a case under each statute about which you have inquired, it is necessary to show that something of "value was acquired in exchange for the check. See A.C.A. §5-37-302(1) (It shall be unlawful to procure any . . . thing of value . . .); and A.C.A. § 5-37-307(a) ([t]his section . . . do[es] not apply to . . . situations where nothing of value was acquired . . ."). It may be argued that where a lessee of equipment under one of these contracts is in current possession of the equipment and writes a check for the continued rental thereof, no new value is acquired, although an additional weeks possession is gained. There appear to be no Arkansas cases on precisely this point. The issues are further complicated by the fact that it is generally held that payment of a sum past due will preclude a finding of simultaneous exchange of value. See Ridenhour,supra, and Sharpsteen v. State, 222 Ark. 519, 261 S.W.2d 537 (1953). This premise may preclude a prosecution where the check was tendered even a few days later than called for in the rental agreement. All of these issues must be considered in determining whether a prosecution under A.C.A. §5-37-302 or 5-37-307 will lie.
In my opinion, therefore, the mere fact that a court has held the rental agreement a "true lease" for purposes of usury law, as in In re Glenn,supra (which relied on the Arkansas case of Crumley v. Berry,298 Ark. 112, 766 S.W.2d 7 (1989)) does not necessarily mean that checks written in satisfaction of the agreement are subject to prosecution under the "Arkansas Hot Check Law." In order to pursue a successful prosecution, it still must be determined in each case whether each and every element of the crimes set out in the "Arkansas Hot Check" law are present.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Technically, A.C.A. § 5-37-307 should not be referred to as a part of the "Arkansas Hot Check Law." See A.C.A. § 5-37-101 (which refers only to A.C.A. §§ 5-37-301 to -306, first enacted in 1959, as the "Arkansas Hot Check Law"). Section 5-27-307 is sometimes referred to as the "warm check law" and was enacted later, in 1985. The primary substantive difference between the "hot check law" and the "warm check law" is that in prosecutions under the latter statute, it is not necessary to prove intent to defraud.
[2] The Rent-A-Center contract you have enclosed with your request is virtually identical to the one the court in In re Glenn held to be a true lease.