The Honorable Doyle Webb State Senator P.O. Box 1998 Benton, Arkansas 72015-1998
Dear Senator Webb:
This is in response to your request for an opinion on the following question:
 Is it proper[1] for a prosecuting attorney's office to handle a worthless check for utility services as a criminal "hot check" pursuant to Arkansas Code Annotated §§ 5-37-301 et seq.?
RESPONSE
It is my opinion that the answer to this question will depend upon the particular facts surrounding the "utility service." The most important consideration may be whether the check in question could be characterized as payment for a "pre-existing debt." Checks written in payment of "pre-existing" debts are not prosecutable under A.C.A. § 5-37-301 et seq.
Some "utility" services, of necessity, are only billed after the service has been received, and the amount of usage calculated. Other utility services may be paid for prior to their receipt. In any given case, however, all the surrounding factors must be evaluated in order to determine whether the particular check is subject to prosecution under A.C.A. § 5-37-01 et seq. I have set out the relevant law below.
The statutory subchapter you reference, A.C.A. § 5-37-301 et seq., is entitled the "Arkansas Hot Check Law." Two separate statutes in this subchapter provide a basis for prosecution of insufficient checks. The first is A.C.A. § 5-37-302 and the second is A.C.A. § 5-37-307. As was stated in Op. Att'y Gen. 97-009, "[t]echnically, A.C.A. § 5-37-307 should not be referred to as a part of the "Arkansas Hot Check Law." See A.C.A. § 5-37-101 (which refers only to A.C.A. §§ 5-37-301 to -306, first enacted in 1959, as the "Arkansas Hot Check Law"). Section 5-27-307 is sometimes referred to as the "warm check law" and was enacted later, in 1985. The primary substantive difference between the "hot check law" and the "warm check law" is that in prosecutions under the latter statute, it is not necessary to prove intent to defraud." Opinion 97-009 at n. 1.
Under either statute, however, checks written to satisfy pre-existing debts are not prosecutable. (See Ridenhour v. State, 279 Ark. 240,650 S.W.2d 575 (1983) as to the former statute and the plain language of the latter). It has been held that something of value must be received in exchange for the check before the elements of a "hot check" offense exist. Id. It is possible, depending on the particular facts, that checks written in payment for utility service would not meet this test if the services have already been received at the time of issuance of the check.
Additionally, as stated in Op. Att'y Gen. 97-009 "[t]he issues are further complicated by the fact that it is generally held that payment of a sum past due will preclude a finding of simultaneous exchange of value. See Ridenhour, supra, and Sharpsteen v. State, 222 Ark. 519,261 S.W.2d 537 (1953). This premise may preclude a prosecution where the check was tendered even a few days later than called for in the rental agreement. All of these issues must be considered in determining whether a prosecution under A.C.A. § 5-37-302 or 5-37-307 will lie." Op. Att'y Gen. 97-009 at 2.
Again, the question in each case will turn upon the particular facts surrounding the check in question.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] I assume the legality of such prosecution is the thrust of your question.