Roberta BREWER and Howard D. Baltz *v.* Lee FERGUS, Phillip Smith, and Sharon Priest

02-402 79 S.W.3d 831

Supreme Court of Arkansas
Opinion delivered May 10, 2002

*Everett & Hunter,* by: *Mike Everett;* and *Gerald Pearson,* for appellant.

*Quattlebaum, Groom, Tull & Burrow, PLLC,* by: *Leon Holmes* and *E.B. Chiles IV,* for appellee Lee Fergus.

*Howell, Trice, Hope & Files, P.A.,* by: *William H. Trice,* for appellee Phillip Smith.

*Mark Pryor,* Att'y Gen., by: *Tim Humphries,* Gen'l Cnsl. and *Dennis R. Hansen,* Deputy Att'y Gen., for appellee Sharon Priest.

JIM HANNAH, Justice. This appeal involves an issue of constitutional interpretation; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1). We affirm the trial court.

Appellants argue that the trial court erred in denying their petition for a writ of mandamus prohibiting the Secretary of State from certifying Lee Fergus as a candidate for circuit judge, Division #2, Second Judicial Circuit, and Phil Smith as a candidate for

circuit judge, Division #2, Third Judicial Circuit. We affirm the trial court's holding that a person appointed to fill a vacancy in one division of a judicial circuit is not attempting to succeed himself or herself in violation of Arkansas Constitutional Amendment 29, § 2, when he or she subsequently runs for the office of circuit judge in a different division of the same judicial circuit.

## Facts

As a consequence of legislation creating new judgeships in the Second and Third Judicial Circuits, Fergus was appointed to be the circuit court judge, Division #10, Second Judicial Circuit, and Smith was appointed to be the circuit court judge, Division #3, for the Third Judicial Circuit by the Governor of the State of Arkansas pursuant to Amendment 29, § 1, of the Arkansas Constitution. Both appointments were made on July 1, 2001, and were to last until someone is duly elected and begins serving as circuit judge for those respective divisions on January 1, 2003.

Fergus has filed to run for the office of circuit court judge in Division #2 of the Second Judicial Circuit, and Smith has filed for the office of circuit court judge in Division #2 of the Third Judicial Circuit. Separate actions for mandamus and declaratory judgment were filed against Fergus and Smith; however, the actions were joined and now come to this court in a single appeal.

## Issue

We examine whether Amendment 29, § 2, prohibits a person from running for the office of circuit court judge in one division of a judicial circuit when he or she was appointed to, and filled, a vacancy in another division in the same judicial circuit under Amendment 29, § 1.

## Standard of Review

■ ■ We are called upon to interpret our constitution. On appeal, our task is to read the laws as they are written, and interpret them in accordance with established principles of constitutional construction. The fundamental rule is that the words of

the constitution should ordinarily be given their obvious and natural meaning. *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). *See also, Knowlton v. Ward*, 318 Ark. 867, 889 S.W.2d 721 (1994); *Kervin v. Hill, County Judge*, 226 Ark. 708, 292 S.W.2d 559 (1956). We review issues of construction *de novo*; it is for this court to decide what a constitutional provision means. *Hodges, supra.* We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Bryant v. Weiss*, 335 Ark. 534, 983 S.W.2d 902 (1998).

■ ■ In this case, we are interpreting a constitutional amendment. We have said that in so doing, it is helpful to determine what changes the amendment was intended to make in the existing law. *Glover v. Henry*, 231 Ark. 111, 328 S.W.2d 382 (1959). *See also, Bradley v. Hall*, 220 Ark. 925, 251 S.W.2d 470 (1952).

Of Amendment 29, this court has previously stated:

> Amendment 29 provides that the governor shall fill vacancies in the office of United States senator and in all elective state, district, circuit, county, and township offices except lieutenant governor, member of the legislature, and member of Congress. It is significant that these provisions made no substantial change in the law as it already existed, for the governor had the power to fill vacancies in the office of United States senator (Pope's Dig., 11807) and in the designated elective offices (Const., Art. 6, 23) with the exception of the lieutenant governor (Amendment 6, 5), member of the legislature (Const., Art. 5, 6), and member of Congress (Pope's Dig., 4676). Thus the purpose of Amendment 29 was not to create a new appointive power in the chief executive; it was to reaffirm the existing law as a basis for the operation of the other provisions in the amendment.

*Glover*, 231 Ark. *at* 115.

### *Succession in the Same Office*

Fergus is running for the elective office of circuit judge, Division #2 of the Second Judicial Circuit, presently completing

an appointment to fill a vacancy in Division #10 of the same circuit. Smith is running for the elective office of circuit judge, Division #2 of the Third Judicial Circuit, presently completing an appointment to fill a vacancy in Division #3 of the same circuit. The question is whether a change in division within a circuit constitutes a separate elective office under Amendment 29.

█ Section 1 of Amendment 29 provides that vacancies in elective offices, excepting some offices not relevant to this discussion, are to be filled by appointment by the Governor. *See, Glover, supra.* At issue is Section 2 of Amendment 29, wherein it is provided:

> The Governor, Lieutenant Governor and Acting Governor shall be ineligible for appointment to fill any vacancies occurring or any office or position created, and resignation shall not remove such ineligibility. Husbands and wives of such officers, and relatives of such officers, or of their husbands and wives within the fourth degree of consanguinity or affinity, shall likewise be ineligible. No person appointed under Section 1 shall be eligible for appointment or election to succeed himself.

Our analysis must focus on the sentence, "No person appointed under Section 1 shall be eligible for appointment or election to succeed himself." We note first that typically the word "shall" is interpreted by this court to mean mandatory compliance. *Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001).

Appellants argue that the apparent purpose of Amendment 29, in the case of a circuit judge, is to deny the appointed judge the advantage of incumbency in a following election. Appellant argues further that a circuit judge who is appointed to fill a vacancy in one division, and who then runs for the office of circuit judge of another division in the same judicial circuit, is in effect running for the same elective office because he or she would enjoy the advantages of incumbency in that the voters would be the same as they would have been had he or she run for the exact same division to which he or she was appointed. Appellants' argument is understandable, but skips essential steps in constitutional analysis. We may not simply analyze the issue based upon rules of interpretation without first determining whether we may resort to those rules.

■ The rules of statutory construction apply to interpretation of constitutional amendments. *MacDonald v. Bowen*, 250 Ark. 1049, 468 S.W.2d 765 (1971); *Bailey v. Abington*, 201 Ark. 1072, 148 S.W.2d 176 (1941). The words of the constitution should ordinarily be given their obvious and natural meaning. *Hodges, supra. See also, Knowlton, supra; Kervin, supra.* In *Frank v. Barker*, 341 Ark. 577, 582, 20 S.W.3d 293 (2000), this court stated:

> As we interpret a provision of the Arkansas Constitution, we have said that when the language of a provision is plain and unambiguous, each word must be given its obvious and common meaning, and neither rules of construction nor rules of interpretation may be used to defeat the clear and certain meaning of a constitutional provision. *Hoyle v. Faucher*, 334 Ark. 529, 975 S.W.2d 843 (1998).

Constitutional and statutory provisions are considered in the same manner. *Ragland v. Alpha Aviation, Inc.*, 285 Ark. 182, 686 S.W.2d 391 (1985). Where the meaning of the words is clear and unambiguous, we do not resort to the rules of statutory or, in this case, constitutional interpretation. *R.N. v. J.M.*, 347 Ark. 203, 61 S.W.3d 149 (2001). No interpretation is needed and, therefore, no aids of interpretation are used. *Ragland, supra. See also, Ellison v. Oliver*, 147 Ark. 252, 227 S.W. 586 (1921).

■ Appellants invite us to consider the intent in putting Amendment 29 before the voters. This court has stated that in interpreting constitutional provisions, it may be helpful to determine what changes the constitutional amendment was intended to make. *Glover, supra.* We have stated further that in interpreting a constitutional amendment, it may be helpful to consider the history of the times and conditions existing at the time of adoption. *Bryant v. English*, 311 Ark. 187, 843 S.W.2d 308 (1992). Legislative interpretation may even be considered, but that is only where there is doubt or ambiguity. *Mears v. Hall*, 263 Ark. 827, 569 S.W.2d 91 (1978).

■ ■ The sentence at issue is clear and easily understood. No person appointed to fill a vacancy in an elective office may succeed himself into that same elective office when the election takes place to fill that office. Circuit Judge of Division #2 of the Second Circuit is an elective office, as is Circuit Judge of Division #2 of the Third Circuit. When the voters go to the polls they will

cast votes for the specific judge they wish to occupy each division. They will not, for example, vote for two of some number of candidates for circuit judge of a given circuit. In other words, the office of a division judge within a circuit is an elected office, not a office assigned once a person is elected as circuit judge of the circuit. The position of Division #2 of the Second Circuit, for example, is an elected office. Therefore, neither Fergus nor Smith is succeeding himself in the position to which he was appointed in 2001, because neither is running for the division in which they were appointed to serve. The office of circuit judge refers to a single elective office. This is implicit in *State v. Green and Rock*, 206 Ark. 361, 175 S.W.2d 575 (1943), where this court discusses that Section 1 of Amendment 29 to the constitution provides the manner of filling vacancies which may occur in certain offices, including the office of circuit judge. In *Green and Rock*, this court notes that in Section 1 of Amendment 29, it is provided that the Governor shall fill such vacancy by appointment. The reference is to a specific single vacancy of a circuit judge.[1] *See also, State v. Martin*, 60 Ark. 343, 30 S.W. 421 (1895) (wherein this court discussed that the constitution did not limit each judicial circuit to one judge). It is relatively obvious that if candidates Fergus and Smith prevail in the upcoming election, they will be succeeding the prior sitting judges in Division #2 of their respective circuits, and will not be succeeding themselves, as others will occupy their former positions.

 We hold that a person who runs as a candidate for circuit judge in a division of a judicial circuit, who was appointed in the previous term to serve out a vacancy in another division of the same judicial circuit, is not succeeding himself or herself in violation of Amendment 29, § 2, if elected.

The mandate in this case shall issue immediately.

Affirmed.

---

[1] To construe Amendment 29 otherwise would mean that no vacancy in the office of circuit court judge would occur until all sitting circuit court judges in a multiple judge judicial circuit had vacated their offices for whatever reason.