Douglas BRAMLETT *v.* STATE of Arkansas

CR 03-400                                      148 S.W.3d 278

Supreme Court of Arkansas
Opinion delivered February 19, 2004

[Rehearing denied April 1, 2004.]

202

*The Blagg Law Firm,* by: *Ralph J. Blagg,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Laura Shue,* Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Douglas Bramlett was convicted in Boone County Circuit Court of driving while intoxicated. He was fined and given a one-year suspended sentence. On appeal, Mr. Bramlett asserts that the result of his breathalyzer test does not support a conviction under the Arkansas DWI statute, Ark. Code Ann. § 5-65-101 et seq. (Supp. 2001), because of changes made to the statute by the Arkansas General Assembly. We disagree and affirm.

On September 28, 2001, Mr. Bramlett was pulled over by a state trooper because he was speeding. The trooper smelled alcohol on Mr. Bramlett's breath and, when asked how many drinks he had consumed, Mr. Bramlett replied four to five. He was taken to the Harrison Police Department where a breathalyzer test was administered with a BAC DataMaster machine. The machine gave a reading of .109 and he was charged with a *per se* violation of Ark. Code Ann. § 5-65-103(b) (Supp. 2001). Although Mr. Bramlett argued before the circuit court that he was not intoxicated under the plain meaning of the statute, the circuit court found him guilty of driving while intoxicated in violation of § 5-65-103(b).

Mr. Bramlett appeals on the following points: (1) there was no evidence presented to support a conviction under the clear standard of criminal conduct set forth in Ark. Code Ann. § 5-65-103(b); and (2) the circuit court failed to interpret Ark. Code Ann. § 5-65-103(b) in a manner so as to avoid grave and doubtful constitutional questions. This appeal is an issue of first impression and involves a substantial question of law concerning the construction and interpretation of an act of the General Assembly; therefore, we have jurisdiction pursuant to Ark. Sup. Ct. R. 1-2(b)(1) and (6).

In addressing the issues on appeal, we must interpret Ark. Code Ann. § 5-65-103(b). The parties have stipulated to the facts. When there are no factual findings at issue, we review issues of statutory construction *de novo*; it is for this court to decide what

a statute means. *Central & Southern Companies, Inc. v. Weiss*, 339 Ark. 76, 3 S.W.3d 294 (1999); *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). We are not bound by the decision of the trial court; however, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

The basic rule of statutory construction is to give effect to the intent of the legislature. *Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002). We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning. *Id.* In addition, when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Burnette v. State*, 354 Ark. 584, 127 S.W.3d 479 (2003).

At issue in this appeal is the language of a Ark. Code Ann. § 5-65-103, which is a section of Arkansas's DWI statute. While Mr. Bramlett's evidence at trial admittedly shows that he was intoxicated under the previous version of § 5-65-103, Mr. Bramlett asserts that an amendment enacted by the General Assembly in 2001 altered the meaning of the statute in such a way as to render Mr. Bramlett's BAC reading of .109 less than the required amount for intoxication. The previous version of § 5-65-103 read as follows:

### 5-65-103. Unlawful acts.

(a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.

(b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time there was *one-tenth of one percent (0.10%) or more by weight* of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath or other bodily substances.

Ark. Code Ann. § 5-65-103(b) (Repl. 1997) (emphasis added).

The State stipulated at trial that there was insufficient evidence to charge or convict Mr. Bramlett under subsection (a) of § 5-65-103, so the subsection with which we are concerned is subsection (b). The legislature's 2001 amendment changed subsection (b) to read as follows:

(b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time the *alcohol concentration* in the person's *breath* or blood was *eight-hundredths (0.08)* or more *based upon the definition of breath, blood, and urine concentration in § 5-65-204.*

Ark. Code Ann. § 5-65-103(b) (Supp. 2001) (emphasis added).

Mr. Bramlett frames his argument on appeal as follows:

The change implemented in Ark. Code Ann. § 5-65-103(b) is significant. The definition of criminal conduct changed from "if at the time there was **one-tenth of one percent (.10%)** or more by weight of alcohol in the person's blood," to "if at that time the alcohol concentration in the person's breath or blood was **eight-hundredths (0.08)."**

■ From a plain reading of the above-quoted version of the statute, it is clear that Mr. Bramlett has not gone far enough in his explanation of the changes. Mr. Bramlett's argument merely focuses on the numerical change in the statute from one-tenth of one percent to eight-hundredths. However, the legislature changed much more than the numerical figure by which intoxication can be calculated; the amendment also changed the *method* by which the calculations are now made.

■ Under the previous version of the DWI statute, alcohol levels in the blood were measured by a percentage of total weight. In other words, when one took a sample of blood from a suspect and divided the weight of the alcohol in the sample by weight of the entire sample, if the alcohol content was one-tenth of one percent (.10%) of the total or higher, then the suspect was considered intoxicated and was *per se* in violation of § 5-65-103(b). In fact, we made this clear in *Lovell v. State*, 283 Ark. 425, 678 S.W.2d 318 (1984), where we said, "The 1983 [DWI] statute has made driving with a blood alcohol *content* of .10% or more illegal, *per se.*" *Id.* at 428, 678 S.W.2d at 320 (emphasis added). This previous version of the statute measured *content* of the alcohol in the blood, and that measurement was made by finding the percentage of the blood alcohol content by weight.

■ Under the new statute, intoxication is measured by alcohol *concentration*, not content by weight, something that Mr. Bramlett completely neglects to mention in his argument. Further-

more, Mr. Bramlett fails to notice that the amended version of § 5-65-103(b) cannot be read without referring to Ark. Code Ann. § 5-65-204. The amended subsection (b) of § 5-65-103 states that a person is considered in violation of the statute when the blood alcohol *concentration* is eight-hundredths or more *based upon the definition of breath, blood, and urine concentration in § 5-65-204.* This emphasized portion of the statute refers us to the section of the code that defines alcohol concentration:

(a)(1) Alcohol concentration shall mean either:

(A) *Grams of alcohol* per one hundred milliliters (100 ml) or one hundred cubic centimeters (100 cc) of blood; or

(B) *Grams of alcohol* per two hundred ten liters (210 l) of breath.

Ark. Code Ann. § 5-65-204(a)(1) (Supp. 2001) (emphasis added).

The change in Ark. Code Ann. § 5-65-103(b) reflects the General Assembly's choice to alter the method of measuring alcohol intoxication under Arkansas law. The old statute measured alcohol using a percentage by weight calculation; the new statute measures alcohol by employing a ratio-comparison. The new statute's call to read § 5-65-103(b) in conjunction with § 5-65-204 makes the change abundantly clear. While the defense provided experts to explain how the BAC Datamaster machines work, and to show the difference between "one-tenth of one percent" or ".10%" as compared to "eight-hundredths" or ".08," the defense experts never construed § 5-65-103(b) together with § 5-65-204, as the legislature clearly intended they should be read.

■■ When the two statutes are construed together, it becomes apparent that the ratio-comparison calculation measures intoxication as the ratio of *grams* of alcohol to *liters* of breath or *grams* of alcohol to *milliliters* of blood. Specifically, the statutes compare the grams of alcohol to either 210 liters of breath or 100 milliliters of blood. This sort of ratio is very different, on its face, from the weight-percentage measurement of the previous version of the DWI statute. We note that § 5-65-204 measures alcohol concentration in terms of alcohol grams *per* 210 liters of breath or alcohol grams *per* 100 milliliters of blood. Black's Law Dictionary defines the word "per" to mean "for each" or "for every." BLACK'S LAW DICTIONARY 1156 (7th ed. 1999). Therefore, the

legislature's use of this term means that intoxication is proven by measuring a certain number of grams of alcohol *for every* 210 liters of breath, or a certain number of grams of alcohol *for every* 100 milliliters of blood.

The question then becomes "how many grams of alcohol per 210 liters of breath or 100 milliliters of blood does it take to be intoxicated under the Arkansas DWI statute?" Section 5-65-103(b) reveals that .08 grams, or eight-hundredths of a gram, of alcohol is required to render a person legally intoxicated under the Arkansas DWI statute. In other words, when the numerical measurement of .08 provided in § 5-65-103(b) is plugged into this ratio of alcohol grams per 210 liters of breath or 100 milliliters of blood provided in § 5-65-204, the result is that if a person's alcohol concentration is at least .08 grams (or eight-hundredths of a gram) of alcohol per 210 liters of breath, or .08 grams of alcohol per 100 milliliters of blood, then that person is considered in violation of § 5-65-103(b) *per se.*

In its brief, the State makes this very argument, albeit in much more technical language. In response, the defense states that, because the State provided no testimony from experts to support its argument as to the meaning of the statute, the State cannot make this argument on appeal. The defense is incorrect. As demonstrated by our explanation above, the plain meaning of § 5-65-103(b) directs us to § 5-65-204 and, when construed together, their meaning is plain and unambiguous.

Mr. Bramlett stipulated on the record that he had a BAC reading of .109. Lest there be any question of what that means, Mr. Bramlett's own expert, Dr. Roger Hawk, testified in regard to the BAC reading, "[t]he final reading is .10, which means .1 grams per 210 liters of air or sample." Mr. Bramlett had .10, or ten-hundredths, of a gram of alcohol per 210 liters of his breath, and that measurement is more than the .08, or eight-hundredths, of a gram of alcohol per 210 liters of breath that is required to be in violation of § 5-65-103(b).

Mr. Bramlett's BAC Datamaster test result showed his alcohol concentration was .109, in excess of the statutorily-allowed limit of .08 found in Ark. Code Ann. § 5-65-103(b). Thus, he was *per se* in violation of the statute, and the circuit court did not err in finding him guilty of driving while intoxicated.

■ For his second point on appeal, Mr. Bramlett assumes the circuit court incorrectly interpreted § 5-65-103(b). He argues that this incorrect interpretation failed to give the statute its plain and ordinary meaning and violated constitutional provisions against vagueness and is a violation of the prohibition against *ex post facto* laws. However, as demonstrated above, Mr. Bramlett misunderstands the plain and ordinary meaning of § 5-65-103(b) because he has failed to read it in conjunction with § 5-65-204, as the legislature clearly intended. The circuit court found Mr. Bramlett guilty of driving while intoxicated when Mr. Bramlett's alcohol concentration of .109 grams of alcohol per 210 liters of breath was clearly in excess of the statutory limit of .08 grams of alcohol per 210 liters of breath. In so finding, the circuit court gave § 5-65-103(b) its plain and ordinary meaning and, thus, interpreted the statute correctly. Mr. Bramlett's second point is therefore without merit.

Affirmed.

GLAZE, J., concurs.