Jose Feliciano WILLIAMS *v.* STATE of Arkansas

CR 05-140                                             217 S.W.3d 817

Supreme Court of Arkansas
Opinion delivered November 17, 2005

204

William R. Simpson, Jr., Public Defender, by: Clint Miller, Deputy Public Defender, for appellant.

Mike Beebe, Att'y Gen., by: Valerie L. Kelly, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant, Jose Feliciano Williams, appeals from the circuit court's judgment and commitment order in which he was convicted of aggravated robbery

and misdemeanor theft of property. He was sentenced as a habitual offender with two prior felony convictions to twelve years' imprisonment for the aggravated robbery conviction. Additionally, he was sentenced to one month in the county jail for the misdemeanor theft-of-property conviction and to five years' imprisonment for having used a firearm to commit aggravated robbery. The two sentences for imprisonment were ordered to be served consecutively, with the one month jail time to be served concurrently. Williams now contends on appeal that: (1) the five-year sentence imposed on him for having used a firearm to commit aggravated robbery was forbidden by the plain meaning of Arkansas Code Annotated § 5-4-104(a) (Repl. 1997); and (2) five years of Williams's seventeen-year aggregate sentence of imprisonment is illegal, because it results from stacking a general statute imposing a sentence for use of a firearm to commit a felony offense onto the specific sentence enhancement for the use of a deadly weapon contained in the definition of aggravated robbery. We affirm the judgment of conviction.

The facts in this case are gleaned from the testimony at the ensuing trial. On the day of the crimes, Ms. Muc Yohe was working as a cashier at the North Little Rock Corner Store, which is a convenience store. On that day, she testified that Williams entered the store and robbed her at gunpoint. According to Ms. Yohe, when Williams threatened to shoot her, she gave him all the money that was in the cash register. Ms. Yohe specifically identified Williams at trial as the person who robbed her. Her testimony was corroborated by a videotape of the robbery, which was played for the jury, and by the testimony of Melvin Jefferson. Jefferson had given Williams a ride to the grocery store. When they arrived at the store, Jefferson did not go inside with Williams, but testified that after Williams got into Jefferson's car, Williams told him to speed up and said to him: "Man, I done hit these folks." According to Jefferson, Williams's statement indicated that Williams had robbed or done something to somebody. Jefferson testified that Williams was holding a "big pistol" in his hands when he made that statement.

Subsequently, the State filed a felony information against Williams, charging him with aggravated robbery and misdemeanor theft of property. In addition, the State charged that Williams was subject to a sentence enhancement for using a firearm to commit a felony and as a habitual offender with more than one, but less than

four, prior felony convictions. A jury trial followed, and Williams was found guilty of the two charges, and his sentence was enhanced.

For his first point on appeal, Williams claims that the five-year sentence imposed on him under Ark. Code Ann. § 16-90-120(a-b) (1987), for having used a firearm to commit aggravated robbery was forbidden by § 5-4-104(a).[1] According to Williams, because his commission of aggravated robbery occurred after the passage of the Arkansas Criminal Code in 1975 and because aggravated robbery is defined in the Arkansas Criminal Code, Williams's sentencing should be governed solely by that Code, and not by any other statutory provision. To support his argument, he points to § 5-4-104(a), which reads: "No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." He further asserts that because Ark. Code Ann. § 5-1-103(a) (Repl. 1997) provides that the provisions of the Arkansas Criminal Code "shall govern the prosecution for any offense defined by this code and committed after January 1, 1976," his crime, which occurred in 2004, is governed only by the Arkansas Criminal Code. He concludes that § 16-90-120(a-b) is not included in the Arkansas Criminal Code and cannot be applied.

Additionally, Williams cites this court to *Johnson v. State*, 331 Ark. 421, 961 S.W.2d 764 (1998), for the proposition that this court has interpreted § 5-4-104(a) to bar the application of sentencing provisions that were enacted prior to the Arkansas Criminal Code. Because § 16-90-120(a-b) was enacted in 1969, six years before the enactment of the Arkansas Criminal Code, Williams urges that it cannot be used to enhance his sentence. Finally, citing, *e.g.*, *Brewer v. Fergus*, 348 Ark. 577, 79 S.W.3d 831 (2002), Williams notes that the use of the word "shall" in § 5-1-103(a) means that the General Assembly intended mandatory compliance with the statute, unless an absurdity would result. He contends that rather than an absurd result, precluding the application of § 16-

---

[1] Williams adds that according to *Gates v. State*, 353 Ark. 333, 107 S.W.3d 868 (2003), an appellant may challenge an illegal sentence for the first time on appeal. Because he is, in fact, challenging the legality of the sentence in this case, he maintains that his failure to raise this argument before the circuit court does not bar this appeal. Relying on *Mays v. State*, 351 Ark. 26, 89 S.W.3d 926 (2002), the State agrees with appellant that to the extent he now claims that his sentence is an illegal sentence on its face, the issue may be raised for the first time on appeal.

90-120(a-b) to this case would result in greater uniformity and consistency in sentencing, which was one of the General Assembly's goals in enacting the Arkansas Criminal Code in 1975.

██ This court has consistently described its canons of statutory interpretation in criminal matters as follows:

> The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. *Thomas v. State*, 315 Ark. 79, 864 S.W.2d 835 (1993); *Mountain Home Sch. Dist. v. T.M.J. Builders, Inc.*, 313 Ark. 661, 858 S.W.2d 74 (1993). In interpreting a penal statute, "[i]t is well settled that penal statutes are strictly construed with all doubts resolved in favor of the defendant, and nothing is taken as intended which is not clearly expressed." *Hales v. State*, 299 Ark. 93, 94, 771 S.W.2d 285, 286 (1989). However, even a penal statute must not be construed so strictly as to defeat the obvious intent of the legislature. *Russell v. State*, 295 Ark. 619, 751 S.W.2d 334 (1988). In this regard, we will not construe penal statutes so strictly as to reach absurd consequences which are clearly contrary to legislative intent. *Cox v. State*, 313 Ark. 184, 853 S.W.2d 266 (1993); *Williams v. State*, 292 Ark. 616, 732 S.W.2d 135 (1987); *Ashing v. State*, 288 Ark. 75, 702 S.W.2d 20 (1986).

*Hunt v. State*, 354 Ark. 682, 686, 128 S.W.3d 820, 823 (2003).

The crux of Williams's argument is that there is a conflict between § 5-4-104(a) and § 16-90-120(a-b). In this case, these two statutory provisions can be read in a harmonious manner. Section 5-4-104(a) can be viewed as referring only to the initial sentence imposed based on the crime for which the defendant was convicted, and § 16-90-120(a-b) can be read as referring only to a sentence enhancement that may be added to the initial sentence.

██ Looking at the clear language of § 16-90-120(a-b), we observe that the legislature intended the statute to serve as an enhancement of the original sentence for the convicted crime, as the statute itself says that the sentence enhancement is an "*additional* period of confinement." Ark. Code Ann. § 16-90-120(a) (emphasis added). We further note that when § 5-4-104(a) was enacted in 1975, the legislature did not choose to repeal or overrule § 16-90-120(a-b). This is important, since in *Johnson v. State, supra*, we have noted that when presented with the challenge of construing criminal statutes that were enacted at different times,

the court presumes "that when the general assembly passed the later act, it was well aware of the prior act." 331 Ark. at 425, 961 S.W.2d at 766 (holding that the Arkansas Criminal Code and the gambling-house statute can be read in harmony where one defines the term of imprisonment and the other allows the court to impose suspension or probation).

We hold that § 5-4-104(a) and § 16-90-120(a-b) can be read harmoniously to mean that § 16-90-120(a-b) is only a sentence enhancement, while the Arkansas Criminal Code provides the minimum sentences to be imposed for each specific offense.

Williams next argues that the five-year sentence imposed on him pursuant to § 16-90-120(a-b) is also illegal, because it results from stacking a general enhancement statute imposing a sentence for the use of a firearm to commit a felony offense onto the specific sentence enhancement for the use of a deadly weapon contained in the definition of aggravated robbery. Specifically, Williams argues that "aggravated robbery" is a specific sentence enhancement of robbery and is applicable only to robbery, while § 16-90-120(a-b) applies generally as an enhancement statute. Williams relies on two cases to support his argument — *Banks v. State*, 354 Ark. 404, 125 S.W.3d 147 (2003), and *Lawson v. State*, 295 Ark. 37, 746 S.W.2d 544 (1988).

We first disagree with Williams that the *Banks* and *Lawson* cases control the outcome of this appeal. In *Banks*, the charge was third-degree domestic battering under Ark. Code Ann. § 5-26-305 (Repl. 1997). That statute provides that the misdemeanor charge will be automatically converted into a Class D felony, if the defendant had been convicted of a previous battering charge within the previous five years. Because of the enhanced felony charge based on the prior battering conviction for which the defendant was convicted, we held that it was error to enhance the defendant's sentence further based on the general habitual offender statute, codified at Ark. Code Ann. § 5-4-501 (1987).

Similarly, in *Lawson*, the defendant was charged with DWI. At the time, he had at least three prior DWI offenses within three years of the DWI for which he was charged, which caused the charge to be enhanced to a felony. We held that enhancement had already occurred under the DWI statute and that the general habitual offender statute, § 5-4-501, could not precipitate an

additional sentence. Again, we held that the stacking of the two enhancement statutes could not occur.

■ We view the situation in the instant case to be different. Here, we are not dealing with a statute like domestic battering or DWI that specifically provides for enhancement due to the commission of prior offenses of the same type. Rather, the stand-alone offense is aggravated robbery, which in the instant case is robbery armed "with a deadly weapon." Ark. Code Ann. § 5-12-103(a)(1) (Repl. 1997). Moreover, the aggravated robbery statute does not contain an enhancement from misdemeanor to felony status, as was the case in *Banks* and *Lawson*.

■ The General Assembly has enacted § 5-12-103, making it a separate offense to commit robbery "armed with a deadly weapon." In addition, the General Assembly has given the sentencing court discretion to enhance the sentence up to fifteen years pursuant to § 16-90-120(a-b), when a firearm is employed in the commission of a felony. Because of the discretion vested in the sentencing court, we do not view this as an illegal stacking of sentences such as we had in *Banks* and *Lawson* for reasons already stated.[2]

Affirmed.

HANNAH, C.J., and IMBER, J., dissent.

JIM HANNAH, Chief Justice, dissenting. I respectfully dissent. As the majority indicates by its quote from *Hunt v. State*, 354 Ark. 682, 128 S.W.3d 820 (2003), penal statutes are strictly construed with all doubts resolved in favor of the defendant, nothing being taken as intended which is not clearly expressed. This court follows the universal rule that criminal statutes are strictly construed and no case is to be brought by construction within a statute unless it is "com-

---

[2] We are aware of a previous statute that *mandated* an increased sentence of fifteen years as an enhancement when a firearm was used in the commission of a felony, but that statute was repealed by the General Assembly in 1994. *See* Acts 532 and 550 of 1993, repealing Ark. Code Ann. § 5-4-505 (repeal effective January 1, 1994). The repealing acts left § 16-90-120(a-b) intact, which leaves the enhancement to the discretion of the sentencing court. Though previous case law discussed the illegality of stacking the enhancement under the repealed statute on top of the sentence for aggravated robbery, *see Rust v. State*, 263 Ark. 350, 565 S.W.2d 19 (1978), that case law did not involve or affect § 16-90-120 (a-b). Moreover, Williams does not argue the *Rust* case or the repealed statute in this appeal as grounds for reversal.

pletely within its words." *Austin v. State*, 259 Ark. 802, 804, 536 S.W.2d 699, 700 (1976); *Lewis v. State*, 220 Ark. 259, 262, 247 S.W.2d 195, 196 (1952); *Casey v. State*, 53 Ark. 334, 336, 14 S.W. 90, 90 (1890).

Williams asserts that Ark. Code Ann. § 5-4-104(a) (Repl. 1997) precludes a sentence of an additional period of imprisonment under Ark. Code Ann. § 16-90-120 (1987) because title 5 provides that a person convicted under title 5 may only be sentenced pursuant to chapter four of title 5. The majority's initial holding is that "an ambiguity is created by the two statutes." The majority is mistaken. Rather than an ambiguity, we face an issue of a conflict between two criminal statutes.

Section 5-4-104(a) (Repl. 1997) unambiguously and plainly provides that "[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter."[1] A statute is construed just as it reads, giving the words their ordinary and usually accepted meaning. *Bramlett v. State*, 356 Ark. 200, 148 S.W.3d 278 (2004). When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* Because section 5-4-104(a) is plain, there is no reason to resort to rules of statutory interpretation. *Id.*

Williams was charged, convicted, and sentenced under title 5, chapter four. Pursuant to the plain language of § 5-4-104(a), he could not be sentenced otherwise than in accordance with chapter four of title 5. However, he received an additional sentence under section 16-90-120. Section 16-90-120 imposes an "additional sentence." *See Walter v. State*, 267 Ark. 155, 621 S.W.2d 428 (1979). There is a conflict between section 5-4-104, which limits sentencing to that allowed under chapter four of title 5, and section 16-90-120 which provides an additional sentence for use of a firearm in the commission of any felony.

Statutes relating to the same subject should be read in a harmonious manner, if possible. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002); *Reed v. State*, 330 Ark. 645, 957 S.W.2d 174 (1997). All legislative acts relating to the same subject are said to be

---

[1] Section 5-1-101 (Repl. 1997) provides that title 5 shall be known as the "Arkansas Criminal Code" and section 5-1-103 (Repl. 1997) provides that the Arkansas Criminal Code governs prosecution of "any offense defined by the code . . . ." Williams was convicted and sentenced under title 5 for violation of Ark. Code Ann. § 5-12-103 (Repl. 1997).

*in pari materia* and must be construed together and made to stand if they are capable of being reconciled. *Id.* Williams was sentenced under title 5, chapter 4, for aggravated robbery. He received an additional term of imprisonment for commission of a felony by use of a firearm.[2] The purpose or object of the two statutes is different. Section 5-4-401(a)(1) (Repl. 1997) concerns a sentence for the commission of aggravated robbery, a Y felony, whereas section 16-90-120 concerns an additional period of confinement for the use of a firearm in the commission of any felony. The majority holds that the two sections can be read harmoniously to mean that a "minimum sentence" is imposed by title 5, whereas section 16-90-120 provides only a "sentence enhancement." The majority's holding itself shows that the two statutes do not concern the same subject matter because the majority states that one statute sets out the sentence and the other statute sets out an enhancement to the sentence. The two statutes cannot be harmonized.

Section 5-4-104 plainly and unambiguously provides that no defendant convicted of an offense under the Arkansas Criminal Code shall be sentenced other than pursuant to chapter four. Section 16-90-120 plainly and unambiguously provides for a sentence other than pursuant to chapter four of title 5. Williams was charged, convicted, and sentenced for an offense under chapter four of title 5. He was not subject to sentencing under section 16-90-120. If the legislature wishes it to be otherwise, the statutes must be amended.[3]

Further, in light of the majority's conclusion that section 16-90-120 applies to the title 5 offense of aggravated robbery, which by its elements involves the use of a deadly weapon, I would suggest that the General Assembly review this matter to determine if this was the result intended. An analysis of statutory history shows that the law on enhancement for use of a firearm is confused at best. Section 16-90-120 is the current codification of Act 78 of 1969. Act 78 was initially codified as Ark. Stat. Ann. §§ 43-2336, 43-2337 and 43-2338 (Supp. 1969). According to the Commen-

---

[2] Where, as in this case, sentence was imposed by the jury, there is no statute in title 5, chapter 4, which imposes a sentence based on use of a firearm.

[3] I note that in 1993, identical acts 532 and 550 repealed Ark. Code Ann. § 5-4-505 (Use of a Firearm). Section 5-4-505 required imposition of an additional fifteen years where a firearm was used and was replaced by Ark. Code Ann. § 16-90-803 (Supp. 2005) which allows a judge to deviate from sentencing guidelines under certain conditions. Both these sections involve sentencing by the court rather than a jury as in the present case.

tary, section 1004 of Act 280 of 1975, which became Ark. Stat. Ann. § 41-1004, and 1987 Ark. Code Ann. § 5-4-104(a), was based on Ark. Stat. Ann. § 43-2336. This implies that Ark. Stat. Ann. § 43-2336 was replaced by the adoption of Ark. Stat. Ann. § 41-1004 when the Arkansas Criminal Code was enacted. This conclusion is reinforced by the Commentary to Ark. Stat. Ann. § 41-1004, which characterizes Ark. Stat. Ann. § 43-2336 as "old law," and Ark. Stat. Ann. §§ 43-2336, 43-2337 and 43-2338 as "prior law." It should also be noted that Act 280 of 1975 was intended to "reform, revise and codify the substantive criminal law of the State of Arkansas." Further, section 3201 of Act 280 of 1975 repealed all laws and parts of law in conflict with the Arkansas Criminal Code.

However, even though it appears from act 280 of 1975 that section 1004, codified as Ark. Stat. Ann. § 41-1004 in the 1977, replacement volume 4, replaced Ark. Stat. Ann. §§ 43-2336, 43-2337 and 43-2338, they still appeared in Volume 4A of the Arkansas Statues when the volume was replaced in 1977. When the code was reorganized and renumbered in 1987, Ark. Stat. Ann. §§ 43-2336, 43-2337 and 43-2338 became Ark. Code Ann. § 16-90-120.

What further reinforces the conclusion that Ark. Stat. Ann. § 41-1004 replaced and repealed Ark. Stat. Ann. §§ 43-2336, 43-2337 and 43-2338 is that Act 280 of 1975 in section 1004 included additional language that modified Ark. Stat. Ann. § 43-2336 on which section 1004 was based:

> (1) If a defendant is convicted of a felony and the trier of fact finds that the person so convicted employed a firearm in the course of or in furtherance of the felony, or in the immediate flight therefrom, the maximum permissible sentence otherwise authorized by section 901 [§ 41-901] or section 1001 [§ 41-1001] shall be extended by fifteen years.

> (2) Subsection (1) shall not apply to a defendant convicted of a felony, an element of which is:

> (a) employing or using, or threatening or attempting to employ or use, a deadly weapon; or

> (b) being armed with a deadly weapon; or

> (c) possessing a deadly weapon; or

(d) furnishing a deadly weapon; or

(e) carrying a deadly weapon.

The Commentary to § 41–1004[4] stated that:

> [s]ubsection (2) is necessitated by the fact that a number of Code offenses are graded more severely when a deadly weapon is involved. It is obviously unfair to convict a person of a more serious felony because he used a deadly weapon and then further increase the penalty for the felony because the deadly weapon was a firearm.

In *Rust v. State*, 263 Ark. 350, 565 S.W.2d 19 (1978), Justice George Rose Smith stated, "The appended Commentary, which was before the General Assembly when the statute was adopted, explains the legislative intent in the enactment of subsection (2). . . ." He further noted that a "deadly weapon" was first defined in the criminal code as a firearm, and went on to state:

> As the Commentary explains, subsection (2) of the firearm statute is meant to apply when the Code grades an offense more severely because a deadly weapon is used. *The difference between robbery and aggravated robbery illustrates the legislative purpose.* Simple robbery is defined as the employment or threatened employment of physical force upon another person with the purpose of committing a theft. It is a class B felony. § 41–2103. Aggravated robbery is defined as robbery committed by one who is armed with a deadly weapon or who inflicts or attempts to inflict death or serious physical injury. It is a class A felony. § 41–2102. *Hence one who commits robbery with a firearm necessarily commits aggravated robbery; so enhanced punishment under the firearm statute is deemed unfair.*

*Rust*, 263 Ark. at 353, 565 S.W.2d at 20 (emphasis added).

Ark. Stat. Ann. § 41–1004, which was cited by the court in *Rust* and became Ark. Code Ann. § 5–4–505 in 1987. In identical acts 532 and 550 of 1993, Ark. Code Ann. § 5–4–505 was repealed and, Ark. Code Ann. § 16–90–804 (Supp. 1993) was enacted. Similar to repealed Ark. Code Ann. § 5–4–505, Ark. Code Ann. § 16–90–804 provides:

---

[4] Section 41–1004 is the prior version of § 5–4–505, which, as the majority points out in a footnote, was repealed as of January 1, 1994.

(E) The offender employed a firearm in the course of or in furtherance of the felony, or in immediate flight therefrom. This factor does not apply to an offender convicted of a felony, an element of which is:

(i) Employing or using, or threatening or attempting to employ or use, a deadly weapon; or

(ii) Being armed with a deadly weapon; or

(iii) Possessing a deadly weapon; or

(iv) Furnishing a deadly weapon; or

(v) Carrying a deadly weapon . . . .

Ark. Code Ann. § 16-90-804(c)(2)(E)(i) (Supp. 2005).[5] However, section 16-90-804 applies only to cases where the court, rather than the jury, sentences the defendant. The General Assembly may wish to address whether Ark. Code Ann. § 16-90-120 was repealed, and if not, whether it should be moved to title 5. Additionally, the General Assembly may wish to address the unequal treatment in light of the perceived unfairness of convicting a person of a more serious felony because he or she used a deadly weapon and then further increasing the penalty for the felony because the deadly weapon was a firearm. I believe that unfairness still remains.

IMBER, J., joins.

---

[5] Repealing Ark. Code Ann. § 5-4-505 (Repl. 1993) and replacing it with Ark. Code Ann. § 16-90-804 (Supp. 2005) again raises the issue of whether the statute applies to an offense charged and prosecuted under title 5 chapter four.