Mark WILSON *v.* STATE of Arkansas

CA CR 07-106                                        262 S.W.3d 628

Court of Appeals of Arkansas
Opinion delivered September 19, 2007

*James P. Clouette*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

L<small>ARRY</small> D. V<small>AUGHT</small>, Judge. Mark Wilson pled guilty to four drug-related offenses. In exchange for his plea, the State withdrew the habitual-offender enhancement that it had included in the information. Despite the fact that the State was no longer attempting to prove that Wilson was a habitual criminal, at the sentencing hearing the State introduced evidence relating to Wilson's four prior convictions — violation of the Arkansas hot-check law, fraudulent use of a credit card, theft by receiving, and theft by deception. On appeal, Wilson argues that the trial court erred by allowing evidence of his criminal history during sentencing. We disagree and affirm.

We will reverse a sentencing decision only if the defendant can show that he was prejudiced by the erroneously admitted evidence. *Buckley v. State*, 341 Ark. 864, 875, 20 S.W.3d 331, 339 (2000). Evidence relevant to sentencing may be introduced at the sentencing hearing, including prior "convictions of

the defendant, both felony and misdemeanor." *See* Ark. Code Ann. § 16-97-103 (Repl. 2006). However, section 16-97-104 (Repl. 2006) mandates that "[p]roof of prior convictions, both felony and misdemeanor, and proof of juvenile adjudications shall follow the procedures outlined in §§ 5-4-502–5-4-504." Sections 5-4-502 through -504 (Repl. 2006 and Supp. 2006) explain how prior convictions are to be considered in sentencing and what type of evidence is required to prove prior convictions.

Wilson argues that the trial court's decision to permit the State to introduce evidence relating to his prior convictions violated Arkansas Code Annotated section 16-97-103 and that he was prejudicially denied the benefit he was promised in exchange for his plea. Specifically, he alleges that when these two statutes are read together it becomes "clear that the legislature intend (sic) that prior convictions only be submitted to the jury where there is an allegation of habitual status." Unfortunately, the interpretation advanced by Wilson ignores the fact that section 16-97-104 specifically includes juvenile adjudications and misdemeanor convictions, which are not implicated in a habitual-offender context.

To construe the statute as applying only to sentencing in habitual-offender cases would violate our canons of statutory interpretation. As our supreme court mandates, we do not construe penal statutes so strictly as to reach absurd consequences that are contrary to legislative intent. *Williams v. State*, 364 Ark. 203, 208, 217 S.W.3d 817, 820 (2005). As such, we hold that the trial court's decision to permit the introduction of evidence relating to Wilson's criminal history during the sentencing phase of his trial is consistent with the mandates of Arkansas Code Annotated section 16-97-103.

Furthermore, contrary to Wilson's assertion otherwise, he did receive the benefit of his plea bargain, and the court did not "go beyond the scope" of the information. At sentencing, Wilson was subjected to the normal ranges of Class A and Y felonies as opposed to the enhanced ranges designated for habitual offenders. *See* Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2006). Wilson actually received the minimum sentences allowed on two of his four convictions and less than the maximum on the other two. Also, his sentences were ordered to run concurrently rather than consecutively, as they could have. *See* Ark. Code Ann. § 5-4-403 (Repl. 2006). As such, Wilson has not only failed to

establish a threshold evidentiary error supporting reversal, but he has also failed to show that he suffered prejudice during sentencing.

We affirm.

GLADWIN and GRIFFEN, JJ., agree.