

Cite as 2013 Ark. 364

# SUPREME COURT OF ARKANSAS

No. CR-13-20

| | |
|---|---|
| PATRICK CINQUE SMITH<br>APPELLANT | **Opinion Delivered** October 3, 2013 |
| V. | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT<br>[NO. CR-10-3534] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JAMES LEON<br>JOHNSON, JUDGE |
| | AFFIRMED. |

## KAREN R. BAKER, Associate Justice

Appellant Patrick Cinque Smith appeals from the sentencing order of the Pulaski County Circuit Court. He was sentenced to life imprisonment as a habitual offender under Arkansas Code Annotated section 5-4-501(d)(1)(A) (Supp. 2011). Smith asserts two points on appeal: (1) that the circuit court erred by denying his motion to dismiss because the State intentionally delayed the start of his twelve-month speedy-trial period by refusing to serve the arrest warrant issued for him when they knew he was incarcerated in the Pulaski County jail; and (2) that the two fifteen-year sentences imposed on him by the jury under the firearm enhancement were illegal. We have jurisdiction under Arkansas Supreme Court Rule 1-2 (a)(2) (2013) as this is a criminal appeal in which the sentence of life imprisonment has been imposed. We affirm.

Because Smith does not contest the sufficiency of the evidence, only a brief recitation of the facts is necessary. Durwin Lairy testified that, as he was driving from the River Market

SLIP OPINION

area of Little Rock to his home in North Little Rock on July 18, 2009, Smith approached his car and asked for money. When Lairy told Smith he didn't have any money, Smith threatened Lairy with a gun and got into Lairy's car. Smith forced Lairy to drive to three automated teller machines in order to withdraw a total of $500. Smith then had Lairy drive to a housing area. Smith then got out of the car, taking with him Lairy's wallet, cell phone, laptop computer, and briefcase.

An arrest warrant was issued for Smith with regard to the above-mentioned events on October 1, 2009. Smith was arrested on other charges on December 17, 2009, and held in Pulaski County jail until he was tried on September 14 through 16, 2010; those charges are unrelated to this appeal. After his conviction in that case, he was transferred to the Arkansas Department of Correction. Smith was arrested on the October 1, 2009 arrest warrant on September 29, 2010.

Subsequently, the State filed a felony information against Smith, charging him with aggravated robbery, felony theft of property, and possession of a firearm by a felon. In addition, the State alleged that Smith was subject to a sentence enhancement for using a firearm to commit a felony and as a habitual offender with four or more felony convictions.[1][2] A jury trial followed on August 21, 2012. Smith was found guilty of both counts, and his sentence was enhanced.

For his first point on appeal, Smith claims that the circuit court erred in denying his motion to dismiss on speedy-trial grounds. Smith argues that the State's nine-month delay

---

[1]Prior to trial, the charge of felon in possession of a firearm was severed.

in serving him with the arrest warrant did not comply with Arkansas Rule of Criminal Procedure 29.1(a) (2013), which requires the prosecuting attorney to promptly seek the presence of a prisoner for trial, and that this delay violated his rights to a speedy trial.

When we construe a court rule, our review is de novo, and we use the same means and canons of construction that we use to interpret statutes. *Kesai v. Almond*, 2011 Ark. 207, 382 S.W.3d 669. The first rule of construction is to construe the statute or rule just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*.

In *Robinson v. State*, 2013 Ark. 60, we decided a case involving similar circumstances. In *Robinson*, the defendant was incarcerated at the Grimes Unit of the Arkansas Department of Correction on unrelated charges beginning on July 18, 2009, and the arrest warrant was served on him on December 3, 2010. He asserted that speedy trial should begin to run on March 24, 2010, when the police were informed that Robinson was a match for DNA found at the crime scene, or on May 12, 2010, when the arrest warrants were filed.

We held that Robinson's argument had no merit. Arkansas Rule of Criminal Procedure 28.2(a) states that the speedy-trial period begins to run on the "date of arrest or service of summons." We held that, construing this rule just as it reads, giving the words their ordinary and usually accepted meaning in common language, the speedy-trial period began when Robinson was served with the arrest warrant, not when the warrant was issued.

Smith attempts to distinguish *Robinson*, pointing out that the delay in his case was nearly ten months as opposed to Robinson's seven. He also asserts that Robinson was held

in the Arkansas Department of Correction, while Smith was held in Pulaski County, the same county in which the arrest warrant was filed. However, these distinctions do not change the plain language of the rule. The speedy-trial period begins to run on the date of arrest. Here, the date of arrest was September 29, 2010.

Smith does not contest that there was not a speedy-trial violation if his time began to run on the date of his arrest, September 29, 2010. Because we hold that his time began to run on the date of his arrest, the circuit court did not err in denying Smith's motion to dismiss.

For his second point on appeal, Smith claims that the two fifteen-year sentences imposed on him by the jury for using a firearm to commit aggravated robbery and to commit theft of property were illegal under the plain meaning of Arkansas Code Annotated section 5-4-104(a) (Supp. 2009). Smith concedes that we addressed this issue in *Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005). Smith asserts that this court erred in our holding in *Williams* and requests that we overrule it.

While Smith asserts this argument for the first time on appeal, the imposition of a void or illegal sentence is subject to challenge at any time. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002). Sentencing in Arkansas is entirely a matter of statute, and where the law does not authorize the particular sentence imposed by a trial court, the sentence is unauthorized and illegal. *State v. Joslin*, 364 Ark. 545, 222 S.W.3d 168 (2006).

In *Williams*, the defendant argued that the five-year sentence imposed on him under Arkansas Code Annotated section 16-90-120(a) and (b) (Repl. 2006), for having used a firearm to commit aggravated robbery, was forbidden by section 5-4-104(a). In that case,

Williams asserted that because his commission of aggravated robbery occurred after the passage of the Arkansas Criminal Code in 1975 and because aggravated robbery is defined in the Arkansas Criminal Code, his sentencing should have been governed solely by that Code, and not by any other statutory provision. To support his argument, he pointed to section 5-4-104(a), which reads: "No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." He further asserted that because Arkansas Code Annotated section 5-1-103(a) (Repl. 1997) provided that the provisions of the Arkansas Criminal Code "shall govern the prosecution for any offense defined by this code and committed after January 1, 1976," his crime, which occurred in 2004, was governed only by the Arkansas Criminal Code. He concluded that section 16-90-120(a–b) is not included in the Arkansas Criminal Code and could not be applied.

We disagreed, holding that the two statutory schemes could be read in a harmonious manner. Section 5-4-104(a) can be viewed as referring only to the initial sentence imposed based on the crime for which the defendant was convicted, and section 16-90-120(a)–(b) can be read as referring only to a sentence enhancement that may be added to the initial sentence.

Smith asserts that we erred in failing to address the second sentence of the commentary to Arkansas Statute Annotated section 41-803(1) (Repl. 1977).[3] This sentence states, "Subsection (1) makes it clear that the disposition of a defendant convicted of any offense, whether defined by this Code, another statute, or a municipal ordinance, is governed by the provisions of this article." Smith argues that the normal definition of "disposition" in this

---

[2]Now codified at Arkansas Code Annotated section 5-4-104.

SLIP OPINION

context is "final determination," which is a broader meaning than "the minimum sentences to be imposed for each specific offense," as outlined in *Williams*. While the commentary to a statute is a highly persuasive aid to construing the statute, it is not controlling over the statute's clear language. *State v. Owens*, 370 Ark. 421, 260 S.W.3d 288 (2007).

When presented with the challenge of construing criminal statutes that were enacted at different times, this court presumes that when the General Assembly passed the later act, it was well aware of the prior act. *Williams*, *supra*. "The General Assembly is presumed to be familiar with the appellate courts' interpretation of its statutes, and if it disagrees with those interpretations, it can amend the statutes. Without such amendments, however, the appellate courts' interpretations of the statutes remain the law." *Miller v. Enders*, 2013 Ark. 23, at 6, ___ S.W.3d ___, ___. Therefore, we presume that not only did the General Assembly know of section 16-90-120 when section 5-4-104(a) was enacted in 1975 and chose not to overrule it, but that the General Assembly knows of our holding in *Williams*, and has chosen not to amend the statute in the last eight years.

Finally, we do not lightly overrule our previous cases. The policy behind stare decisis is to lend predictability and stability to the law. *Cochran v. Bentley*, 369 Ark. 159, 174, 251 S.W.3d 253, 265 (2007). There is a strong presumption of the validity of prior decisions, and it is necessary, as a matter of public policy, to uphold prior decisions unless great injury or injustice would result. *Id.* Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable. *Id.* Smith has failed to demonstrate that

SLIP OPINION

our holding in *Williams* is patently wrong or manifestly unjust. Accordingly, we decline to overrule *Williams*, and hold that Smith's sentence is not illegal.

In compliance with Arkansas Supreme Court Rule 4–3(i), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no prejudicial error has been found.

Affirmed.

*Dan Hancock*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.