SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-14-709

| | |
|---|---|
| KENNETH RAY KINDALL<br>APPELLANT | Opinion Delivered March 5, 2015 |
| V. | PRO SE APPEAL FROM THE<br>LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-13-110] |
| RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

In 1986, appellant Kenneth Ray Kindall was found guilty by a jury of burglary, aggravated robbery, and rape, and he was sentenced to an aggregate term of life imprisonment and twenty years. The judgment-and-commitment order was marked to indicate that appellant's sentence was enhanced for committing aggravated robbery with a deadly weapon and for using a firearm and a deadly weapon while committing rape. We affirmed. *Kindall v. State*, 292 Ark. 173, 729 S.W.2d 1 (1987). On September 13, 2013, appellant filed a pro se petition for writ of habeas corpus in the Lincoln County Circuit Court, the county in which he was imprisoned.[1] The circuit court dismissed the petition with prejudice, and appellant has lodged an appeal of that order in this court. We affirm.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Tucker v. Hobbs*, 2014 Ark. 449 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in

_____

[1]At the time of this decision, appellant remains incarcerated in Lincoln County.

SLIP OPINION

a habeas-corpus proceeding to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the trial court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

The judgment-and-commitment order reflects that appellant's sentence was enhanced pursuant to Arkansas Statutes Annotated sections "41-1004/42-2336" for using a firearm while committing rape and that his sentence was enhanced pursuant to section 43-2336.1 for employing a deadly weapon while committing rape and aggravated robbery. As he did in his petition, appellant argues on appeal that the enhancement for use of a firearm while committing rape is illegal.[2] Specifically, he asserts that, based on the language in Arkansas Statutes Annotated section 41-803 (Supp. 1985) (later codified at Arkansas Code Annotated section 5-4-104 (1987)) that "no defendant convicted of an offense shall be sentenced otherwise than in

---

[2]Because the only enhancement statutes that appellant refers to in his petition and on appeal are sections "41-1004/42-2336," he only raises the argument that the enhancement of the rape sentence based on the use of a firearm is illegal and fails to challenge the enhancement of the rape or aggravated-robbery sentence pursuant to Arkansas Statutes Annotated section 41-2336.1 (Supp. 1985).

accordance with this Article [§§ 41-801–41-1309]," the enhancement is illegal because the enhancement statutes under which he was sentenced, sections "41-1004/42-2336," were not part of the Article. He contends that, because the enhancement is not an "authorized sentence" under Arkansas law, the trial court did not have the authority to impose it and the judgment-and-commitment order is facially invalid.[3] Arkansas Statutes Annotated section 41-1004 (Supp. 1985) was later codified at Arkansas Code Annotated section 5-4-505 (1987), which was repealed by Act of March 16, 1993, No. 532, § 9, 1993 Arkansas Acts 1471, 1492. The reference in the judgment-and-commitment order to section 42-2336 appears to be a citation to section 43-2336 (Repl. 1977) (later codified at Arkansas Code Annotated section 16-90-120(a)-(b) (1987)).

We note that section 41-1004 falls within the sentencing provisions referenced in section 41-803. Further, we have previously rejected appellant's argument that the language formerly employed in section 41-803(1) precluded imposition of an enhancement statute enacted outside of the Arkansas Criminal Code. *See Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005); *Smith v. State*, 2013 Ark. 364. In *Williams*, the defendant argued that the five-year sentence imposed on him under Arkansas Code Annotated section 16-90-120(a) and (b) (Repl. 2006) for having used a firearm to commit aggravated robbery was forbidden by section 5-4-104(a). In that case, Williams asserted that because his commission of aggravated robbery occurred after the passage of the Arkansas Criminal Code in 1975 and because aggravated robbery is defined in the Arkansas Criminal Code, his sentencing should have been governed solely by that Code and not

---

[3]Arguments raised by appellant for the first time in his reply brief will not be considered on appeal. This court will not consider arguments raised for the first time in an appellant's reply brief because the appellee is not given a chance to rebut the argument. *Graves v. Greene County*, 2013 Ark. 493, 430 S.W.3d 722.

by any other statutory provision. One of the arguments that Williams raised to support his claim was based on section 5-4-104(a), which reads: "No defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter." We disagreed, holding that, because section 5-4-104(a) can be viewed as referring to the initial sentence imposed based on the crime for which the defendant was convicted, section 5-4-104(a) and section 16-90-120(a)-(b) can be read harmoniously to mean that section 16-90-120(a)-(b) is only a sentence enhancement that may be added to an initial sentence, while the Arkansas Criminal Code provides the minimum sentence to be imposed for each specific offense. *Williams*, 364 Ark. 203, 217 S.W.3d 817. Subsequently, in *Smith*, we declined to overrule *Williams* and rejected the argument that language in the commentary to Arkansas Statutes Annotated section 41-803(1) required that Arkansas Code Annotated section 5-4-104(a) be interpreted to refer to a sentence enhancement as well as to an initial sentence.[4] *Smith*, 2013 Ark. 364.

The policy behind stare decisis is to lend predictability and stability to the law. *Cochran v. Bentley*, 369 Ark. 159, 174, 251 S.W.3d 253, 265 (2007). There is a strong presumption of the validity of prior decisions, and it is necessary as a matter of public policy to uphold prior decisions unless great injury or injustice would result. *Id.* Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable. *Id.* Because appellant fails to demonstrate that our previous holdings in *Williams* and *Smith* are patently wrong or manifestly unjust, we decline to break from precedent and hold that his sentence is not

---

[4]The second sentence of the commentary to Arkansas Statutes Annotated section 41-803(1) states, "Subsection (1) makes it clear that the disposition of a defendant convicted of any offense, whether defined by this Code, another statute, or a municipal ordinance, is governed by the provisions of this article."

illegal.

Because appellant did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, he did not establish a basis for a writ of habeas corpus to issue. *See Culbertson v. State*, 2012 Ark. 112 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam). Accordingly, the circuit court's order is affirmed.

Affirmed.

*Kenneth Ray Kindall*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.